## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 1:15-cv-24155-JAL-Goodman

TRUMP MIAMI RESORT MANAGEMENT
LLC,

        Plaintiff,

    -v-

EDEN TOURS, LLC, DAVID GOLDWASSER,
NORMAN GOLDWASSER, ASAI, INC.,
STEPHEN SATZ, FRANK ADAN,
NEW STAR CATERERS OF MANHATTAN
BEACH, INC., NEW STAR CATERERS OF
NASSAU COUNTY, INC., NEW STAR
CATERERS OF THE FIVE TOWNS, INC.,
and ABRAHAM FUCHS,

        Defendants.
--------------------------------------------------------------X

## MOTION OF DEFENDANTS NEW STAR CATERERS AND
## ABRAHAM FUCHS TO DISMISS PLAINTIFF'S COMPLAINT
## AND INCORPORATED MEMORANDMUM OF LAW

Kenneth J. Vianale
VIANALE & VIANALE LLP
5550 Glades Road, Suite 500
Boca Raton, FL 33431
(561) 392-4750 (office)
(561) 961-5191 (fax)
*kvianale@vianalelaw.com* (e-mail)

***Attorneys for Defendants New Star
Caterers of Manhattan Beach, Inc., New
Star Caterers of Nassau County, Inc., New
Star Caterers of the Five Towns, Inc., and
Abraham Fuchs***

## **Table of Contents**

Table of Contents …………………………………………………………… i

Table of Authorities ………………………………………………………… iii

Motion…………………………………………………………………… 1

REQUEST FOR HEARING …………………………………………….. 1

Memorandum of Law ………………………………………………………… 1

INTRODUCTION……………………………………………………… 1

FACTS…………………………………………………………………….. 2

    I.    Background: the *Aarras* Action…………………………………… 2

    II.    Trump's Present Action…………………………………………. 3

ARGUMENT …………………………………………………………… 4

    I.    STANDARD ON MOTION TO DISMISS ………………………….. 4

    II.    TRUMP'S CLAIMS AGAINST NEW STAR AND FUCHS
        ARE PREEMPTED AND BARRED BY THE FLSA……………….. 5

        A.    Trump's complaint seeks indemnification or contribution …... 5

        B.    Trump's claims for indemnification or contribution are
            preempted……………………………………………………… 5

        C.    Trump's legal theory that it may seek indemnification or
            contribution if not found liable as an employer in
            *Aarras* is incorrect…..……………………………………….. 7

            1.    Trump has not alleged, and does not have, a written
                contract of indemnity with New Star or Fuchs, which is
                fatal to Trump's claims, even if Trump's legal theory were
                viable, which it is not ….………………………………… 7

            2.    Many courts have rejected claims for indemnification for
                attorney's fees even when defendant alleges it has no
                liability as an employer under the FLSA, as Trump
                alleges here ……..………………………………………. 10

III.  TRUMP HAS NO COMMON LAW OR IMPLIED CLAIM
      FOR INDEMNFICATION OR CONTRIBUTION …………….……..     11

IV.   TRUMP'S COMPLAINT CAN BE DISMISSED ON THE SEPARATE
      GROUND THAT THIS ACTION IS PREMATURE ON ITS FACE …… 13

CONCLUSION…………………………………………………………………..…..  15

**Table of Authorities**

**Cases**                                                                                                          **Page**

*Abdul-Rasheed v. KabelLink Communs., LLC,*
No. 13-cv-879-T-24-MAP, 2013 U.S. Dist. LEXIS 167159 (M.D. Fla. Nov. 25, 2013) … 9

*Armstrong v. Alabama Power Co.,*
667 F.2d 1385 (11th Cir. 1982) ………………………………………………………  13, 14

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ………………………………………………………………… 4

*A/S Ludwig Mowinckles Rederi v. Tidewater Construction Corp.,*
559 F.2d 928 (4th Cir. 1977) ……………………………………………………… 14

*Assa Compañia de Seguros, S.A. v. Codotrans, Inc.,*
15 F. Supp.3d 1271 (S.D. Fla. 2014) ……………………………………………… 11,13

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ………………………………………………………………… 4

*Berlinger v. Wells Fargo, N.A.,*
No. 11-cv-458-FtM-29 (M), 2015 U.S. Dist. LEXIS 94760 (M.D. Fla. July 21, 2015)……11,12

*Brennan v. Heard,*
491 F.2d 1 (5th Cir. 1974) ………………………………………………………………10

*Cash Inn of Dade, Inc. v. Metropolitan Dade County,*
938 F.2d 1239 (11th Cir. 1991) …………………………………………………………... 4

*Cordova v. FedEx Ground Package Sys.,*
No. 14-cv-01663-HZ, 2015 U.S. Dist. LEXIS 60360 (D. Or. May 8, 2015) ………………  5

*Daniels v. Board of Trustees of Herington Mun. Hosp.,*
841 F. Supp. 363 (D. Kan. 1993) ……………………………………………………….8

*Dobbins v. Scriptfleet,*
No. 11-cv-1923-T-24-AEP, 2012 U.S. Dist. LEXIS 83855 (M.D. Fla. June 18, 2012) ……7,9,10

*Exime v. E.W. Ventures, Inc.,*
591 F. Supp. 2d 1364 (S.D. Fla. 2008) ……………………………………………………12

*Fernandez v. Kinray, Inc.,*
No. 13-CV-4938 (ARR) (SMG), 2014 U.S. Dist. LEXIS (E.D.N.Y. Feb. 5, 2014) ………...9,10

*Foley v. Luster,*
249 F.3d 1281 (11th Cir. 2001) …………………………………………………………… 11

*Geter v. Galardi South Enters.,*
43 F. Supp.3d 1322 (S.D. Fla. 2014) ………………………………………………....... 9

*Goodman v. Port Auth. of N.Y. & N.J.,*
850 F. Supp. 2d 363 (S.D.N.Y. 2012) …………………………………………………….......10

*Gustafson v. Bell Atlantic Corp.,*
171 F. Supp.2d 311 (S.D.N.Y. 2001) ………………………………………………………5,10

*Haught v. U.S. Eng'g Contrs. Corp.,*
No. 07-80436-CIV-Ryskamp/Vitunac, 2009 U.S. Dist. LEXIS 2255 (S.D. Fla. Jan. 6, 2009)...12

*Herman v. RSR Sec. Servs. Ltd.,*
172 F.3d 132 (2d Cir. 1999) ………………………………………………………………5,6

*Holt v. Animation Collective, Inc.,*
No. 13 Civ. 2552 (KBF), 2014 U.S. Dist. LEXIS 51625 (S.D.N.Y. Apr. 10, 2014) ………...6,10

*Hurd v. Durrand,* No. 12-20899-Civ-Moreno,
2013 U.S. Dist. LEXIS 40727 (S.D. Fla. Jan. 24, 2013) ………………………………………..4

*Kaskey v. Osmose Holdings, Inc.,*
No. 13-4825, 2014 U.S. Dist. LEXIS 36536 (E.D. Pa. Mar. 20, 2014) ………………….........6

*Lamonica v. Safe Hurricane Shutters, Inc.,*
711 F.3d 1299 (11th Cir. 2013) ……………………………………………………….…12

*LeCompte v. Chrysler Credit Corp.,*
780 F.2d 1260 (5th Cir. 1986) …………………………………………………..……...6

*Lee v. The Krystal Company,*
No. 11-0627-WS-C, 2013 WL 424656 (S.D. Ala. Feb. 4, 2013) ……………………………  6,8

*Local 1035 International Brotherhood of Teamsters v. Pepsi Allied Bottlers,*
99 F. Supp. 2d 219 (D. Conn. 2000) ……………………………………………………… 10

*Lyle v. Food Lion, Inc.,*
954 F.2d 984 (4th Cir. 1992) ……………………………………………………………6

*Martin v. Gingerbread House, Inc.,*
977 F.2d 1405, 1408 (10th Cir. 1992) …………………………………………………...… 6

*Montoya v. 3PD, Inc.,*
No. CV-13-8068-PCT-SMM, 2014 U.S. Dist. LEXIS 78152 (D. Ariz. June 9, 2014) …………6

*Northwest Airlines, Inc. v. Transportation Workers Union of America AFL-CIO,*
451 U.S. 77 (1981) ………………………………………………………………………………5

*Pleasant Valley Biofuels, LLC v. Sanchez-Medina, Gonzales, Quesada, Lage,*
*Crespo, Gomez & Machado LLP,*
No. 13-23046-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS36815 at * 4-*5
(S.D. Fla. Mar. 20, 2014)…………………………………………..……………………………14

*Quintana v. Explorer Enterprises, Inc.,*
No. 09-22420-CIV, 2010 WL 2220310 (S.D. Fla. June 3, 2010) …………………………….6

*SFM Holdings, Ltd. v. Bank of Am. Sec., LLC,*
No. 06-80652-Civ-Ryskamp/Vitunac, 2007 U.S. Dist. LEXIS 99414
(S.D. Fla. Feb. 12, 2007) ……………..…………………………………………………….4

*Tarasewicz v. Royal Caribbean Cruises, Ltd.,*
No. 14-Civ-60885-BLOOM/Valle, 2015 U.S. Dist. LEXIS 84779
(S.D. Fla. June 30, 2015) …………………………………………………………………14

*Villareal v. El Chile, Inc.,*
601 F. Supp.2d 1011 (N. D. Ill. 2009) ………………………………………………….6

## **Statutes**

29 U.S.C. §203(d) …………………………………………………………………12
29 U.S.C. §203(g) …………………………………………………………………12
Fla. Stat. §768.31 …………………………………………………………………..13

## **Rules and Regulations**

29 C.F.R. §791.2(a) …………………………………………………………………………………12

Fed. R. Civ. P., Rule 12(b)(6) …………………………………………………………………..1

Rule 7.1(b), Local Rules, United States District Court for the Southern District of Florida……1

**Motion**

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., defendants New Star Caterers of Manhattan Beach, Inc., New Star Caterers of Nassau County, Inc., New Star Caterers of the Five Towns, Inc. (collectively "New Star"), and Abraham Fuchs ("Fuchs"), hereby move to dismiss the complaint of plaintiff Trump Miami Resort Management LLC ("Trump") for failure to state a claim. This motion is based upon good cause, as set forth in the memorandum of law below and **Exhibit A** hereto, the amended complaint in *Aarras v. Trump Miami Resort Management LLC,* 15-CIV-20258-ALTONAGA/O'SULLIVAN.

**REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b), defendants New Star and Fuchs respectfully request that the Court hold oral argument on this motion to dismiss. Defendants believe that oral argument would be helpful because the legal issues of indemnification and contribution under the Fair Labor Standards Act ("FLSA") implicated by this motion are substantial and will have continuing significance for plaintiffs and co-defendants in FLSA actions, and there is no controlling Eleventh Circuit decision on those issues.

**Memorandum of Law**

**INTRODUCTION**

Trump's suit against defendants New Star and Fuchs is at bottom one for indemnification or contribution, even though Trump has cosmetically styled its claims as ones for negligence, fraud, and trespass. Trump, however, cannot state a claim for indemnification or contribution and the claims should be dismissed. Trump's claims run afoul of the FLSA, which preempts such claims. In addition, Trump alleges no written contract of indemnification with New Star or

1

Fuchs, which is fatal to its claims, even if this Court were to accept Trump's legal theory – a theory that many courts have rejected, as discussed below.

Moreover, as Trump itself alleges (DE# 1, Trump Complaint, page 2, unnumbered ¶, and ¶¶46, 61, 77, and 90)(referred to hereafter as "*Trump* Complaint"), Trump has not yet obtained the indispensable predicate for this action – namely, a judgment in its favor that it is not liable as an employer for unpaid wages in the related *Aarras v. Trump* action pending in this Court and brought under the FLSA. As a result, this action is premature and wasteful and can be dismissed outright on that basis alone, until Trump obtains a final judgment of non-liability in *Aarras v. Trump.*

## FACTS

### I.        Background: the *Aarras* Action

Trump was sued on November 25, 2014 in Circuit Court in Miami-Dade County under the FLSA by workers seeking unpaid wages and overtime. Trump removed the action to this Court on January 22, 2015: *Hayat Aarras, et al. v. Trump Miami Resort Management LLC, Eden Tours, LLC, David Goldwasser, Frank Adan, Stephen Satz, New Star Caterers, and Abraham Fuchs,* Case No. 15-cv-20258-CMA/O'Sullivan, DE# 1 ("*Aarras v. Trump,*" "*Aarras* action," or "*Aarras*").

Plaintiffs alleged they had worked as waiters and servers at a Passover holiday tour held at the Trump Plaza Doral Hotel from April 13 to April 23, 2014, and were not paid their regular wages or overtime. *Aarras v. Trump*, Amended Complaint, DE# 83, ¶72 (hereafter "*Aarras* Amended Complaint") (**Exhibit A** hereto). The *Aarras* Amended Complaint alleged that Trump and the other defendants, including New Star Caterers and Fuchs, were joint employers of plaintiffs under the FLSA and thus were all jointly and severally liable to plaintiffs. (*Aarras*

2

Amended Complaint, ¶¶60-80; Wherefore clause following ¶89 & ¶93). The litigation is ongoing.

Defendants New Star and Fuchs, and Eden Tours, LLC and David Goldwasser, have reached settlements with the 49 *Aarras* plaintiffs. On October 1, 2015, New Star and Fuchs filed a Notice of Settlement with the Court. *Aarras* action, DE# 148. The settlement has not yet been presented to or approved by the Court. Trump is continuing to defend the *Aarras* action.

## II.    Trump's Present Action

Trump filed the present action on October 2, 2015 in Circuit Court for Miami-Dade County. New Star and Fuchs removed it to this Court on November 5, 2015. DE# 1.

Trump sued New Star and Fuchs because, according to Trump, these defendants entered into a settlement agreement in *Aarras* "that was designed to cap their liability for the Aarras Plaintiffs' damages and leave Trump to shoulder the remaining burden of the Aarras Plaintiffs' damages, despite the Aarras Plaintiffs' acknowledgement that Trump did not hire them." (*Trump* Complaint, page 2, unnumbered ¶).  Trump alleges that it was not the joint employer of the *Aarras* plaintiffs under Section 203 of the FLSA, as alleged, and thus has been wrongfully sued. (*Trump* Complaint, page 2, unnumbered ¶, and ¶¶46, 61, 77, and 90).

Trump sues to recover the attorney's fees, costs, and expenses it has allegedly incurred "in defending against the misplaced allegations" of the *Aarras* plaintiffs.  (*Trump* Complaint, page 1, unnumbered ¶).  Trump's claims for indemnification against New Star and Fuchs are couched as claims for negligence (Count II), fraud (Count III), and trespass (Count IV). Trump alleges it may recover these damages because New Star, Fuchs, and the other defendants were responsible for holding the Passover holiday tour on Trump's premises, hiring the *Aarras* plaintiffs, and leaving Trump alone "to shoulder the burden" of vindicating itself from the claim

in *Aarras* that Trump was a joint employer under the FLSA. (*Trump* Complaint, page 2, unnumbered ¶ & ¶¶ 28-34, 46, 60-61, 74-77, 89-90). New Star and Fuchs deny these allegations.

## ARGUMENT

### I.    STANDARD ON MOTION TO DISMISS

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (*quoting Twombly*, 550 U.S. at 555), and contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[O]nly a claim that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (*citing Twombly,* 550 U.S. at 556).

On a motion to dismiss, the Court may consider pleadings and other documents on file with its own Clerk's office concerning related cases, like *Aarras*. *See Cash Inn of Dade, Inc. v. Metropolitan Dade County,* 938 F.2d 1239, 1243 (11th Cir. 1991) ("A district court may take judicial notice of public records within its files relating to the particular case before it or to other related cases."); *Hurd v. Durrand,* No. 12-20899-Civ-Moreno, 2013 U.S. Dist. LEXIS 40727 at *26 n.8 (S.D. Fla. Jan. 24, 2013) (same); *SFM Holdings, Ltd. v. Bank of Am. Sec., LLC,* No. 06-80652-Civ-Ryskamp/Vitunac, 2007 U.S. Dist. LEXIS 99414 at *2 n.1 (S.D. Fla. Feb. 12, 2007) (discussing the variety of  matters courts can take judicial notice of).

4

## II.   TRUMP'S CLAIMS AGAINST NEW STAR AND FUCHS ARE PREEMPTED AND BARRED BY THE FLSA

### A.   Trump's complaint seeks indemnification or contribution

Although Trump styles its claims against New Star and Fuchs as ones for "negligence," "fraud," and "trespass," Trump alleges that it suffered injury and damage as a result of being "forced" to pay attorney's fees, costs, and expenses "in defending the Aarras Action." (*See Trump* Complaint, ¶¶33, 58, 74, 88). Trump's claims therefore are in essence for indemnity or contribution. Courts look to the gravamen of the claim, not its label.  *See Gustafson v. Bell Atlantic Corp.*, 171 F. Supp.2d 311, 327-328 (S.D.N.Y. 2001) (rejecting characterization of claim for damages from a third party as a "breach of contract," when in reality claim sought indemnity for an FLSA liability); *see also Cordova v. FedEx Ground Package Sys.*, No. 14-cv-01663-HZ, 2015 U.S. Dist. LEXIS 60360, at *25-*26 (D. Or. May 8, 2015) ("regardless of the appellation given the claim by Defendant, I view it as an attempt … to obtain indemnification").

### B.   Trump's claims for indemnification or contribution are preempted

Trump's claims for indemnification or contribution are preempted by the FLSA.  The FLSA preempts claims for indemnification or contribution made by a defendant against the plaintiff or a co-defendant, whether the claim is based on a written contract or not, because of the clear legislative policy underlying this remedial statute, namely, to protect employees and to incentivize employers to comply with the statute.

 For example, in *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132 (2d Cir. 1999), the Second Circuit held there was no implied cause of action for indemnity or contribution in the FLSA. Relying on the factors analyzed in *Northwest Airlines, Inc. v. Transportation Workers Union of America, AFL-CIO*, 451 U.S. 77 (1981), the Second Circuit held that the FLSA did not sanction claims for indemnity or contribution:

First, the text of the FLSA makes no provision for contribution or indemnification. Second, the statute was designed to regulate the conduct of employers for the benefit of employees, and it cannot therefore be said that employers are members of the class for whose benefit the FLSA was enacted. Third, the FLSA has a comprehensive remedial scheme as shown by the "express provision for private enforcement in certain carefully defined circumstances." Such a comprehensive statute strongly counsels against judicially engrafting additional remedies. Fourth, the Act's legislative history is silent on a right to contribution or indemnification.

*Herman,* 172 F.3d at 143-44.

Many Courts, including this one, have come to the same conclusion as the *Herman* court, namely, that the FLSA does not sanction claims for indemnification or contribution. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986) (dismissing employer's cross-claim); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992) (employer's third-party complaint for indemnity preempted); *Montoya v. 3PD, Inc.*, No. CV-13-8068-PCT-SMM, 2014 U.S. Dist. LEXIS 78152 at *7-*9 (D. Ariz. June 9, 2014);  *Holt v. Animation Collective, Inc.*, No. 13 Civ. 2552 (KBF), 2014 U.S. Dist. LEXIS 51625 at *9-*11 (S.D.N.Y. Apr. 10, 2014); *Kaskey v. Osmose Holdings, Inc.*, No. 13-4825, 2014 U.S. Dist. LEXIS 36536 at *18-*23 (E.D. Pa. Mar. 20, 2014) ("no implied federal or state-created right for an employer sued under FLSA to seek indemnity or contribution from a third party"); *Lee v. The Krystal Company*, No. 11-0627-WS-C, 2013 WL 424656 at *3-*4 & n.3 (D. Ala. Feb. 4, 2013) (no contractual right to indemnity under FLSA given public policy interests at stake); *Quintana v. Explorer Enterprises, Inc.*, No. 09-22420-CIV, 2010 WL 2220310 at *2-*3 (S.D. Fla. June 3, 2010) (O'Sullivan, M.J.) (although the 11th Circuit has not addressed the issue, at least 4 circuit courts have "consistently found that indemnification claims against employees or owners are contrary to public policy and the legislative intent of the FLSA"); *Villareal v. El Chile, Inc.*, 601 F. Supp.2d 1011, 1015 (N. D. Ill.

2009) (dismissing defendant's counterclaim for indemnity and analyzing relevant circuit court decisions on the issue).

### C.    Trump's legal theory that it may seek indemnification or contribution if not found  liable as an employer in *Aarras* is incorrect

To the extent Trump is proceeding on the theory that it may seek indemnification as long as it is ultimately found not liable in *Aarras*, and thus allegedly outside the provisions of the FLSA, Trump is incorrect. The only decision in this Circuit to allow such a claim to proceed past a motion to dismiss was *Dobbins v. Scriptfleet,* No. 11-cv-1923-T-24-AEP, 2012 U.S. Dist. LEXIS 83855 (M.D. Fla. June 18, 2012), a decision by Judge Susan C. Bucklew. Trump previously relied upon *Dobbins* before filing this action.[1] But *Dobbins* was decided on materially different facts and provides no support for Trump's complaint here.

### 1.    Trump has not alleged, and does not have, a written contract of indemnity with New Star or Fuchs, which is fatal to Trump's claims, even if Trump's legal theory were viable, which it is not

In *Dobbins*, the defendant, who plaintiff alleged was her employer under the FLSA, counterclaimed on a ***written contract*** obligating plaintiff to indemnify defendant for any losses, including attorney's fees, arising out of plaintiff's obligations under their agreement. *Dobbins*, 2012 U.S. Dist. LEXIS at *3-*5 (construing scope of indemnification provision in the parties' written agreement).  The defendant, Scriptfleet, Inc., argued that if plaintiff was found to be an independent contractor, not defendant's employee, the FLSA would be rendered inapplicable, allowing defendant to prosecute its contractually-based counterclaim against plaintiff for indemnification based on the parties' written agreement. *Id.* at *6.  Here, Trump lacks a written contract of indemnification with New Star or Fuchs. Trump alleges none in its complaint, and

---

[1] *See* Notice of Removal, DE#1, Exhibit B thereto (E-mail from counsel).

has never produced one in *Aarras*, where discovery will soon close.[2] This is fatal to Trump's claim, even were this Court to sanction claims for indemnification or contribution when plaintiffs are unsuccessful in proving their FLSA claims – a legal theory other courts have rejected, as seriously destructive of the FLSA's remedial purpose, as discussed below.

The only other court in this Circuit to consider virtually the identical theory Trump advances here -- *Lee v. Krystal Co.*, No. 11-0626-WS-C, 2013 U.S. Dist. LEXIS 14567 (S.D. Ala. Feb. 4, 2013) -- rejected the theory in its totality. In *Lee,* defendant filed a common-law indemnity claim for attorney's fees against its two co-defendants arising from an FLSA action in which all three were sued as plaintiff's joint employers. The defendant in *Lee* based its indemnity claim on *Daniels v. Board of Trustees of Herington Mun. Hosp.*, 841 F. Supp. 363 (D. Kan. 1993), a decision upholding the right to pursue indemnity in an FLSA case based on language in the parties' written contract of indemnity. *Lee*, 2013 U.S. Dist. LEXIS at *8 -*11 & n.3.  But because the defendant in *Lee* lacked a written contract of indemnity – like Trump here -- the court held that the *Daniels* decision was inapplicable. According to the *Lee* court, the lack of a written indemnity agreement rendered the two cases different, ***and "[t]he difference matters,"*** the court said, because judges upholding indemnity claims in FLSA actions had done so based on the parties' written contractual obligations. *Id.* at *8-*9 n. 3 (discussing indemnity cases). Moreover, the *Lee* court held that decisions allowing indemnity claims based on contractual liability were wrongly decided, because it was "far from clear that a cognizable right

---

[2] On September 29, 2015, New Star and Fuchs formally requested production from Trump of any indemnity agreement or other similar writing between the parties Trump was relying on, after Trump threatened to sue New Star and Fuchs on "indemnity and/or indemnity-type claims" if they persisted in concluding their settlement with the *Aarras* plaintiffs.  *See* Notice of Removal, DE# 1, Exhibits B & C thereto (E-mails from Trump's counsel). Trump responded to the document request on November 6, 2015 stating that it had no responsive documents.

to contractual indemnification exists in the FLSA context, given the public policy interests at stake." *Id.*

Moreover, *Dobbins'* vitality as a legal theory quickly suffered a serious blow.  A year after deciding *Dobbins*, Judge Bucklew came to the opposite conclusion on virtually the same issue – the availability of an indemnity claim for attorney's fees against losing plaintiffs in an FLSA action.  In *Abdul-Rasheed v. KabelLink Communs., LLC*, No 13-cv-879-T-24-MAP, 2013 U.S. Dist. LEXIS 167159 (M.D. Fla. Nov. 25, 2013), Judge Bucklew refused to allow publication of a warning in a collective action notice to be mailed to potential class members stating they could be held liable for defendants' attorney's fees if defendants were found not liable under the FLSA.  *Id.* at *12-*15. Judge Bucklew held that the FLSA did not permit recovery of attorney's fees from plaintiffs even under the parties' 2009 written agreement providing for such indemnity, and even if plaintiffs were unsuccessful in proving defendants' liability under the FLSA.  *Id.* at *13-*14. The court held that allowing such a claim to proceed would prevent plaintiffs from asserting their rights for fear of losing and being held liable for defense costs, an outcome that "would impose a chilling effect that would defeat the remedial purpose of the FLSA."  *Id.* at *14.  Moreover, Judge Bucklew held that to recognize such an indemnity claim for attorney's fees against unsuccessful independent contractors, "would incentivize employers to mis-classify employees as independent contractors in an independent contractor agreement that contains an indemnity provision based on the hope that the possibility of an attorney's fee award would dissuade litigation on the issue." *Id.* at *15.  This is precisely the opposite conclusion the court reached in *Dobbins*.[3]

_____

[3] Another federal court, *Fernandez v. Kinray, Inc.*, No. 13-CV-4938 (ARR) (SMG), 2014 U.S. Dist. LEXIS (E.D.N.Y. Feb. 5, 2014), noted this conflict between *Dobbins* and *Abdul-Rasheed*, and was persuaded by the reasoning in Judge Bucklew's later-decided *Abdul-Rasheed* case. *Id.* at *32 n.8. In addition, this Court refused to follow *Dobbins* in *Geter v. Galardi South Enters.*, 43 F. Supp.3d 1322

**2.      Many courts have rejected claims for indemnification for attorney's fees even when defendant alleges it has no liability as an employer under the FLSA, as Trump alleges here**

Other courts have similarly rejected Trump's theory that it may seek indemnification if plaintiffs are unsuccessful in proving its liability under the FLSA. *See Holt v. Animation Collective, Inc.*, No. 13 Civ. 2552 (KBF), 2014 U.S. Dist. LEXIS 51625 at *10-*11 (S.D.N.Y. Apr. 10, 2014) (where defendant argued he was not an employer under the FLSA and sought to enforce contractually-based indemnification from co-defendants, court held such enforcement would give employers no incentive to comply with the FLSA because they could contract away their obligations); *Fernandez v. Kinray, Inc.*, No. 13-CV-4938 (ARR) (SMG), 2014 U.S. Dist. LEXIS 17954 at *26-**32 (E.D.N.Y. Feb. 5, 2014) (dismissing defendant's indemnity counterclaim for defense costs, and rejecting argument that FLSA policy considerations were inapplicable until plaintiffs proved they were defendant's employees under the FLSA, because "[t]he policy considerations that led Congress to enact the FLSA are implicated when plaintiffs assert claims, not only when plaintiffs are found to have meritorious claims"); *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 388-89 (S.D.N.Y. 2012) (refusing to enforce indemnification clause because to do so would give employers little incentive to obey the wage and hour mandates of the FLSA); *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp.2d 311, 327-38 & n.8 (S.D.N.Y. 2001) (dismissing defendants' third-party claims for indemnification because "allowing indemnification in cases such as this would permit employers to contract away their obligations under the FLSA, a result that flouts the purpose of the statute"); *Local 1035 International Brotherhood of Teamsters v. Pepsi Allied Bottlers*, 99 F. Supp. 2d 219, 221 (D.

---

(S.D. Fla. 2014) (Altonaga, J.), because *Dobbins* had failed to consider the effect of *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974) on defendant's counterclaim. *Brennan* is controlling authority prohibiting a counterclaim in an FLSA action if it would effectively act as a set-off reducing the plaintiff's wages. *Id.* at 1328 n.3.

10

Conn. 2000) (granting motion to dismiss counterclaim because indemnity clause violated "statutorily mandated and unwaivable overtime pay requirements of the FLSA").

## III.   TRUMP HAS NO COMMON LAW OR IMPLIED CLAIM FOR INDEMNIFICATION OR CONTRIBUTION

Trump not only has no written contractual rights to indemnity; it has no common law or implied rights for indemnification or contribution either, as its own complaint shows.

A party seeking indemnity under Florida common law can only recover if the party alleges and proves that it is wholly without fault, that its liability is vicarious and solely for the wrong of another, and that the parties had a special relationship between them. *See Foley v. Luster,* 249 F.3d 1281, 1288 (11th Cir. 2001) *(citing Dade County School Board v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999); *Assa Compañia de Seguros, S.A. v. Codotrans, Inc.*, 15 F. Supp.3d 1271, 1277 (S.D. Fla. 2014) (Altonaga, J.) (same); *see Berlinger v. Wells Fargo, N.A.*, No. 11-cv-458-FtM-29 (M), 2015 U.S. Dist. LEXIS 94760 at *7 (M.D. Fla. July 21, 2015) ("party must allege he is without fault, that another party is at fault and that a special relationship between the parties makes the party seeking indemnification vicariously, constructively, derivatively or technically liable for the acts or omissions of others").

Trump's liability, however, is alleged to be individual and primary – not vicarious. The *Aarras* plaintiffs allege Trump is jointly and severally liable to them because Trump was their joint employer, along with Trump's co-defendants in that case. They demand judgment against Trump and the other defendants "jointly and severally, for all unpaid overtime as required by the FLSA, plus liquidated damages, [and other costs]." (*See Aarras* Amended Complaint, Wherefore clause after ¶¶89 & 93).

Under the FLSA, the liability of joint employers is joint and several. Trump itself alleges that the *Aarras* plaintiffs sued Trump as an "employer" under Section 203 of the FLSA, and

contends that it "was not the employer of the Aarras Plaintiffs under the FLSA." (*Trump Complaint*, page 2, unnumbered ¶ and ¶¶46, 61, 77, 90). Section 203 defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). An entity "employs" a person if it "suffer[s] or permit[s] the individual to work." 29 U.S.C. §203(g). An employee may have more than one employer. 29 C.F.R. §791.2(a). And "whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all facts in the particular case." *Id.* Employers found to be joint employers are jointly and severally liable to plaintiffs for unpaid wages and overtime. *Id.* ("all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions"); *see Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (liability under the FLSA is joint and several); *Haught v. U.S. Eng'g Contrs. Corp.*, No. 07-80436-CIV-Ryskamp/Vitunac, 2009 U.S. Dist. LEXIS 2255 at *5 (S.D. Fla. Jan. 6, 2009) ("the FLSA imposes joint and several liability upon employers"); *Exime v. E.W. Ventures, Inc.*, 591 F. Supp. 2d 1364, 1375 (S.D. Fla. 2008) (same).

Thus, Trump's liability is not alleged to be merely vicarious, constructive, derivative, or technical. *Berlinger*, 2015 U.S. Dist. LEXIS 94760 at *7. Trump's liability as a joint employer is alleged to be individual, joint, and several under the FLSA. Trump accordingly has no common law claim for indemnification. Nor does Trump's complaint plead it has a special relationship with New Star and Fuchs – nor could it. On the contrary, Trump alleges no special relationship with New Star or Fuchs, even claiming they were trespassers at Trump's hotel property. (*See Trump* Complaint, Count IV).

12

Finally, Trump has no claim for contribution either, since contribution is exclusively a statutory remedy (Fla. Stat. §768.31), and "the statute providing for statutory contribution limits the availability of contribution as a remedy to tortfeasors who share common tort liability." *Assa Compañia de Seguros*, 15 F. Supp.3d at 1277-1278 (citing numerous cases). Trump thus has no right of contribution here since the plaintiffs' claims against Trump in *Aarras* are for unpaid wages and overtime under the FLSA, not a tort claim. *See id.* at 1278 (contribution inapplicable to a claim for breach of contract).

## IV.  TRUMP'S COMPLAINT CAN BE DISMISSED ON THE SEPARATE GROUND THAT THIS ACTION IS PREMATURE ON ITS FACE

Trump's complaint is predicated on a final decision on the merits in the *Aarras* action that it is not liable as a joint employer of the *Aarras* plaintiffs. (*Trump* Complaint, pages 1-2, unnumbered ¶ and ¶¶46, 61, 77, 90).  Under the reasoning of the *Trump* Complaint, if Trump is found liable as a joint employer in *Aarras*, it necessarily would have no claim for indemnification for attorney's fees from New Star and Fuchs.

Thus, without a judgment in its favor, Trump's claims -- even if the Court were to accept Trump's underlying legal theory on indemnity -- would fail. Therefore, since the *Aarras* action is still ongoing, and Trump's lack of liability in that action is still at issue, Trump's present action is premature and should be dismissed. Allowing Trump to proceed at this stage, without a judgment in its favor in *Aarras*, would be a waste of this Court's and the parties' time and resources.

In considering this issue, the Eleventh Circuit in *Armstrong v. Alabama Power Co.*, dismissed an indemnity action as anticipatory, since the underlying liability action was still ongoing. The Court reasoned that to allow an unripe indemnity suit to go forward could lead to "'incongruous results'":

The federal district court also properly dismissed APCo's contribution and indemnity suits as premature. We agree with the Fourth Circuit in *A/S Ludwig Mowinckles Rederi v. Tidewater Construction Corp.*, 559 F.2d 928 (4th Cir. 1977):

> Whether an indemnification issue is ripe for adjudication depends on the facts and circumstances of the case under consideration. Here, there has been neither a determination of liability nor a settlement in any of the personal injury and wrongful death actions pending against (appellant) in the district court or state courts. We cannot tell at this time what the outcome of those actions will be…. To award, in this action, indemnification against all liability and expenses, incurred or which may be incurred by (appellant) in those actions, could lead to incongruous results. The fact that (appellant has) already incurred some expenses in defending those actions does not make ripe (the) claims for indemnification against all possible liability and expenses. 559 F.2d at 932.

*Armstrong v. Alabama Power Co.,* 667 F.2d 1385, 1388 (11th Cir. 1982).

Moreover, because Trump does not assert contractual indemnity claims, there is no impediment to dismissing or staying this action. *See Tarasewicz v. Royal Caribbean Cruises, Ltd.*, No. 14-Civ-60885-BLOOM/Valle, 2015 U.S. Dist. LEXIS 84779 at *84-*86 (S.D. Fla. June 30, 2015) (discussing *Armstrong*, staying indemnity and contribution claims in interest of judicial economy where underlying liability had not been established, and noting that only contractually-based, not common-law, indemnity claims could be filed prior to judgment in the underlying case); *see also Pleasant Valley Biofuels, LLC v. Sanchez-Medina, Gonzales, Quesada, Lage, Crespo, Gomez & Machado LLP*, No. 13-23046-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS36815 at * 4-*5 (S.D. Fla. Mar. 20, 2014) (only contractual indemnity claims can be filed before judgment in underlying action). The Court should dismiss this action to avoid the "incongruous result" that the parties and Court undergo time consuming and costly litigation, only to discover that the *Aarras* plaintiffs have obtained a judgment against Trump. In either instance, Trump would have no right to indemnification or contribution under the FLSA.

14

## CONCLUSION

For the foregoing reasons, the Court should dismiss Trump's complaint with prejudice, or in the alternative dismiss it pending the outcome of the related *Aarras v. Trump* action.

Dated: November 12, 2015

Respectfully submitted,

VIANALE & VIANALE LLP

By:  /s/ Kenneth J. Vianale
     Kenneth J. Vianale
     Fla. Bar No. 169668
     5550 Glades Road, Suite 500
     Boca Raton, FL 33431
     (561) 392-4750 (office)
     (561) 961-5191 (fax)
     kvianale@vianalelaw.com

*Attorneys for Defendants New Star Caterers of Manhattan Beach, Inc., New Star Caterers of Nassau County, Inc., New Star Caterers of the Five Towns, Inc., and Abraham Fuchs*

## CERTIFICATE OF SERVICE

*I Hereby Certify* that a true and correct copy of defendants' **MOTION TO DISMISS OF DEFENDANTS NEW STAR CATERERS AND ABRAHAM FUCHS AND INCORPORATED MEMORANDUM OF LAW** has been served on the following individuals set out below on this 12th day of November, 2015 by the means set forth below:

Jonathan A. Beckerman (served via CM-ECF by email to jabeckerman@littler.com)
*Attorney for Plaintiff Trump Miami Resort Management LLC*
Littler Mendelsohn, P.C.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131

Defendants Eden Tours, LLC, David Goldwasser, and Norman Goldwasser (by email to davidgoldwasser@gmail.com)

Defendants Asai, Inc. and Stephen Satz (by email to stephensatz@hotmail.com)

Defendant Frank Adan (by email to frankadan777@gmail.com).


/s/ Kenneth J. Vianale
Kenneth J. Vianale
VIANALE & VIANALE LLP
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: (561) 392-4750
Facsimile: (561) 961-5191
kvianale@vianalelaw.com

16

Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:15-cv-24155-JAL-Goodman**

TRUMP MIAMI RESORT MANAGEMENT
LLC,

                Plaintiff,

    -v-

EDEN TOURS, LLC, DAVID GOLDWASSER,
NORMAN GOLDWASSER, ASAI, INC.,
STEPHEN SATZ, FRANK ADAN,
NEW STAR CATERERS OF MANHATTAN
BEACH, INC., NEW STAR CATERERS OF
NASSAU COUNTY, INC., NEW STAR
CATERERS OF THE FIVE TOWNS, INC.,
and ABRAHAM FUCHS,

                Defendants.
------------------------------------------------------------X

## <u>DECLARATION OF KENNETH J. VIANALE</u>

I, Kenneth J. Vianale, hereby declare as follows:

1.      I am admitted to practice before the Bar of this Court and I submit this declaration in support of the motion to dismiss of defendants New Star Caterers of Manhattan Beach, Inc., New Star Caterers of Nassau County, Inc., New Star Caterers of the Five Towns, Inc., and Abraham Fuchs.

2.      Annexed hereto is a true and correct copy of the plaintiffs' amended complaint in *Aarras, et al. v. Trump Miami Resort Management LLC*, et al., Case No. 20258-CIV-ALTONAGA/O'SULLIVAN, which I retrieved from this Court's CM/ECF system.

3.      I submit this declaration under penalty of perjury.

Dated: November 12, 2015                   */s/ Kenneth J. Vianale*
                                             Kenneth J. Vianale

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 15-20258-CIV-ALTONAGA/O'SULLIVAN

HAYAT AARRAS; NILYELIZ AGUDELO;
NAOMY ALPHONSE; SANDY APARICIO;
JULIAN ARBELAEZ; TULIO BALLON;
JESSICA BRINGAS; YOLANDA BURGOS de BARRIOS;
CARLOS CAMPOS; PATRICIA CARRION;
ROCIO CASTRO; LEONARDO CELORRIO;
DERRICK CHAPMAN; ERICA DAVIS-JEAN BAPTISTE;
ROSA DE LA COTERA; SANDRA DUARTE;
EMILY ELLIOTT; JENNIFER ERMIS;
JAIRO RICHARD ESPANA; MARIE F. EXANTUS;
ERIKA FONTICIELLA; JORGE GARAY;
CLAUDIA DUARTE GARCIA; SCOTT GOLDMAN;
RICHARD JOHNSON, II; LORENA M. JUNCIEL;
ERIC KAHLAN; THERESA KNIGHT; DERRICK LEE;
JANI LINDSAY; MARIA MAIQUEZ; HERNEY MANCERA;
MARTHA L. ORTIZ; EDNA OSORNO; REBECCA VIZCAINO
PAVON; DAISY PRIETO; MANUEL PRIETO; CHRISTY
RAMIREZ; LIA E. RAMIREZ; JORGE RAMIREZ;
JEFFREY ROCA; EDGAR A. RUIZ; EDUARDO SABAS;
ALBA SALDARRIAGA; ELIZABETH SAN MARTIN;
HELEN SIERRA; DEDRIC STAFFORD; WALTER TORRES;
MANUEL VASQUEZ; KATIE WATSON; JONATHAN
MERRIGAN; ANDRES ARGUELLES; CATALINA
CAICEDO; KRISZTIAN CANEPA; VENUS GUZMAN,
MICHELLE LOPEZ and DENIS MESA, on behalf of
themselves and all others similarly situated,

       **Plaintiffs,**

vs.

TRUMP MIAMI RESORT MANAGEMENT LLC, a foreign
limited liability company; EDEN TOURS, LLC, a Florida limited
liability company, DAVID GOLDWASSER d/b/a EDEN TOURS,
individually; ASAI, INC., a Florida for profit corporation;
FRANK ADAN, individually; STEPHEN SATZ, individually,
NEW STAR CATERERS, a foreign corporation; and
ABRAHAM FUCHS, individually,

       **Defendants.**

_____/

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves and all others similarly situated, through undersigned counsel, and for their Amended Complaint and Jury Trial Demand, sue Defendants TRUMP MIAMI RESORT MANAGEMENT LLC, a foreign limited liability company ("TRUMP"), EDEN TOURS, LLC, a Florida limited liability company ("EDEN TOURS"), DAVID GOLDWASSER d/b/a EDEN TOURS, individually ("GOLDWASSER"), ASAI, INC., a Florida for-profit corporation ("ASAI"), FRANK ADAN ("ADAN"), individually, STEPHEN SATZ, individually ("SATZ"), NEW STAR CATERERS, a foreign corporation ("NEW STAR"), and ABRAHAM FUCHS, individually ("FUCHS"), and allege as follows:

1.    This is an action for unlawful failure to pay overtime compensation and minimum wages as required by the federal Fair Labor Standards Act, 29 U.S.C. §§206 (a) and 207(a) ("FLSA"), and its implementing regulations.  This is also a Florida common law action for breaches of contract for failure to pay due and earned wages.

2.    This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331 and the provisions of the FLSA, 29 U.S.C. §216(b).  Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

3.    Plaintiff HAYAT AARRAS, at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  HAYAT AARRAS has executed and filed herein as Exhibit "A", a Declaration and Consent to Join Litigation.

4.    Plaintiff NILYELIZ AGUDELO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  NILYELIZ AGUDELO has executed and filed herein as Exhibit "B", a Declaration and Consent to Join Litigation.

5.     Plaintiff NAOMY ALPHONSE at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  NAOMY ALPHONSE has executed and filed herein as Exhibit "C", a Declaration and Consent to Join Litigation.

6.     Plaintiff SANDY APARICIO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  SANDY APARICIO has executed and filed herein as Exhibit "D", a Declaration and Consent to Join Litigation.

7.     Plaintiff JULIAN ARBELAEZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JULIAN ARBELAEZ has executed and filed herein as Exhibit "E", a Declaration and Consent to Join Litigation.

8.     Plaintiff TULIO BALLON at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  TULIO BALLON has executed and filed herein as Exhibit "F", a Declaration and Consent to Join Litigation.

9.     Plaintiff JESSICA BRINGAS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JESSICA BRINGAS has executed and filed herein as Exhibit "G", a Declaration and Consent to Join Litigation.

10.     Plaintiff YOLANDA BURGOS de BARRIOS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  YOLANDA BURGOS de BARRIOS has executed and filed herein as Exhibit "H", a Declaration and Consent to Join Litigation.

11.     Plaintiff CARLOS CAMPOS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  CARLOS CAMPOS has executed and filed herein as Exhibit "I", a Declaration and Consent to Join Litigation.

12.     Plaintiff PATRICIA CARRION at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  PATRICIA CARRION has executed and filed herein as Exhibit "J", a Declaration and Consent to Join Litigation.

13.     Plaintiff ROCIO CASTRO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ROCIO CASTRO has executed and filed herein as Exhibit "K", a Declaration and Consent to Join Litigation.

14.     Plaintiff LEONARDO CELORRIO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  LEONARDO CELORRIO has executed and filed herein as Exhibit "L", a Declaration and Consent to Join Litigation.

15.     Plaintiff DERRICK CHAPMAN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  DERRICK CHAPMAN has executed and filed herein as Exhibit "M", a Declaration and Consent to Join Litigation.

16.     Plaintiff ERICA DAVIS-JEAN BAPTISTE at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ERICA DAVIS-JEAN BAPTISTE has executed and filed herein as Exhibit "N", a Declaration and Consent to Join Litigation.

17.     Plaintiff ROSA DE LA COTERA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ROSA DE LA COTERA has executed and filed herein as Exhibit "O", a Declaration and Consent to Join Litigation.

18.     Plaintiff SANDRA DUARTE at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  SANDRA DUARTE has executed and filed herein as Exhibit "P", a Declaration and Consent to Join Litigation.

19.     Plaintiff EMILY ELLIOTT at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  EMILY ELLIOTT has executed and filed herein as Exhibit "Q", a Declaration and Consent to Join Litigation.

20.     Plaintiff JENNIFER ERMIS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JENNIFER ERMIS has executed and filed herein as Exhibit "R", a Declaration and Consent to Join Litigation.

21.     Plaintiff JAIRO RICHARD ESPANA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JAIRO RICHARD ESPANA has executed and filed herein as Exhibit "S", a Declaration and Consent to Join Litigation

22.     Plaintiff MARIE F. EXANTUS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  MARIE F. EXANTUS has executed and filed herein as Exhibit "T", a Declaration and Consent to Join Litigation.

23.     Plaintiff ERIKA FONTICIELLO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ERIKA FONTICIELLA has executed and filed herein as Exhibit "U", a Declaration and Consent to Join Litigation.

24.     Plaintiff JORGE GARAY at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JORGE GARAY has executed and filed herein as Exhibit "V", a Declaration and Consent to Join Litigation.

25.     Plaintiff CLAUDIA DUARTE GARCIA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  CLAUDIA DUARTE GARCIA has executed and filed herein as Exhibit "W", a Declaration and Consent to Join Litigation.

26.     Plaintiff SCOTT GOLDMAN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  SCOTT GOLDMAN has executed and filed herein as Exhibit "X", a Declaration and Consent to Join Litigation.

27.     Plaintiff RICHARD JOHNSON, II at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  RICHARD JOHNSON, II has executed and filed herein as Exhibit "Y", a Declaration and Consent to Join Litigation.

28.     Plaintiff LOREN M. JUNCIEL at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  LOREN M. JUNCIEL has executed and filed herein as Exhibit "Z", a Declaration and Consent to Join Litigation.

29.     Plaintiff ERIC KAHLAN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ERIC KAHLAN has executed and filed herein as Exhibit "AA", a Declaration and Consent to Join Litigation.

30.     Plaintiff THERESA KNIGHT at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  THERESA KNIGHT has executed and filed herein as Exhibit "BB", a Declaration and Consent to Join Litigation.

31.     Plaintiff DERRICK LEE at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  DERRICK LEE has executed and filed herein as Exhibit "CC", a Declaration and Consent to Join Litigation.

32.     Plaintiff JANI LINDSAY at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JANI LINDSAY has executed and filed herein as Exhibit "DD", a Declaration and Consent to Join Litigation.

33.     Plaintiff MARIA MAIQUEZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  MARIA MAIQUEZ has executed and filed herein as Exhibit "EE", a Declaration and Consent to Join Litigation.

34.     Plaintiff HERNEY MANCERA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  HERNEY MANCERA has executed and filed herein as Exhibit "FF", a Declaration and Consent to Join Litigation.

35.     Plaintiff MARTHA L. ORTIZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  MARTHA L. ORTIZ has executed and filed herein as Exhibit "GG", a Declaration and Consent to Join Litigation.

36.     Plaintiff EDNA OSORNO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  EDNA OSORNO has executed and filed herein as Exhibit "HH", a Declaration and Consent to Join Litigation.

37.     Plaintiff REBECCA VIZCAINO PAVON at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  REBECCA VIZCAINO PAVON has executed and filed herein as Exhibit "II", a Declaration and Consent to Join Litigation.

38.     Plaintiff DAISY P. PRIETO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  DAISY P. PRIETO has executed and filed herein as Exhibit "JJ", a Declaration and Consent to Join Litigation.

39.     Plaintiff MANUEL PRIETO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  MANUEL PRIETO has executed and filed herein as Exhibit "KK", a Declaration and Consent to Join Litigation.

40.     Plaintiff CHRISTY RAMIREZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  CHRISTY RAMIREZ has executed and filed herein as Exhibit "LL", a Declaration and Consent to Join Litigation.

41.     Plaintiff LIA E. RAMIREZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  LIA E. RAMIREZ has executed and filed herein as Exhibit "MM", a Declaration and Consent to Join Litigation.

42.     Plaintiff JORGE RAMIREZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JORGE RAMIREZ has executed and filed herein as Exhibit "NN", a Declaration and Consent to Join Litigation.

43.     Plaintiff JEFFREY ROCA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JEFFREY ROCA has executed and filed herein as Exhibit "OO", a Declaration and Consent to Join Litigation.

44.     Plaintiff EDGAR A. RUIZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  EDGAR A. RUIZ has executed and filed herein as Exhibit "PP", a Declaration and Consent to Join Litigation.

45.     Plaintiff EDUARDO SABAS at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  EDUARDO SABAS has executed and filed herein as Exhibit "QQ", a Declaration and Consent to Join Litigation.

46.     Plaintiff ALBA SALDARRIAGA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ALBA SALDARRIAGA has executed and filed herein as Exhibit "RR", a Declaration and Consent to Join Litigation.

47.     Plaintiff ELIZABETH SAN MARTIN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ELIZABETH SAN MARTIN has executed and filed herein as Exhibit "SS", a Declaration and Consent to Join Litigation.

48.     Plaintiff HELEN SIERRA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  HELEN SIERRA has executed and filed herein as Exhibit "TT", a Declaration and Consent to Join Litigation.

49.     Plaintiff DEDRIC STAFFORD at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  DEDRIC STAFFORD has executed and filed herein as Exhibit "UU", a Declaration and Consent to Join Litigation.

50.     Plaintiff WALTER TORRES at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  WALTER TORRES has executed and filed herein as Exhibit "VV", a Declaration and Consent to Join Litigation.

51.     Plaintiff MANUEL VASQUEZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  MANUEL VASQUEZ has executed and filed herein as Exhibit "WW", a Declaration and Consent to Join Litigation.

52.     Plaintiff KATIE WATSON at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  KATIE WATSON has executed and filed herein as Exhibit "XX", a Declaration and Consent to Join Litigation.

53.     Plaintiff JONATHAN MERRIGAN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  JONATHAN MERRIGAN has executed and filed herein as Exhibit "YY", a Declaration and Consent to Join Litigation.

54.     Plaintiff ANDRES ARGUELLES at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  ANDRES ARGUELLES has executed and filed herein as Exhibit "ZZ", a Declaration and Consent to Join Litigation.

55.     Plaintiff CATALINA CAICEDO at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  CATALINA CAICEDO has executed and filed herein as Exhibit "AAA", a Declaration and Consent to Join Litigation.

56.     Plaintiff KRISZTIAN CANEPA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  KRISZTIAN CANEPA has executed and filed herein as Exhibit "BBB", a Declaration and Consent to Join Litigation.

57.     Plaintiff VENUS GUZMAN at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  VENUS GUZMAN has executed and filed herein as Exhibit "CCC", a Declaration and Consent to Join Litigation.

58.     Plaintiff MICHELLE LOPEZ at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  MICHELLE LOPEZ has executed and filed herein as Exhibit "DDD", a Declaration and Consent to Join Litigation.

59.     Plaintiff DENIS MESA at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and is *sui juris*.  DENIS MESA has executed and filed herein as Exhibit "EEE", a Declaration and Consent to Join Litigation.

60.     Defendant TRUMP is, and at all relevant times was, a foreign for-profit corporation doing business in Miami-Dade County, Florida.  TRUMP is, and at all relevant times was, a company running a luxury hotel in Miami-Dade County, Florida, that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00, and was thus subject to enterprise coverage under the FLSA.

61.     Defendant EDEN TOURS is, and at all relevant times was, a Florida limited liability company doing business in Miami-Dade County, Florida.  EDEN TOURS is, and at all relevant times was, a company organizing and sponsoring Passover travel tours and programs, used, purchased, and sold materials and goods in interstate commerce, and had, either alone or in conjunction with the other Defendants as joint employers of Plaintiffs, annual gross revenues in excess of $500,000.00, and was thus subject to enterprise coverage under the FLSA.

62.     Defendant GOLDWASSER is, and at all relevant times has been, a resident of Miami-Dade County, Florida, and is *sui juris*.  At all relevant times, GOLDWASSER was and still is the owner and President of EDEN TOURS, was and still is an agent of EDEN TOURS, and acted in the course and scope of his employment as owner and President of EDEN TOURS with regard to Plaintiffs.  GOLDWASSER also was registered to do business, and did business under the fictitious name of EDEN TOURS, and also was the owner and operator of a now dissolved Florida limited liability company, E.T. Passover, LLC, that also was and is a registered owner of the fictitious name EDEN TOURS.  At all relevant times hereto, GOLDWASSER operated the dissolved company E.T. Passover, LLC as if it was a viable and active Florida company, doing business as "Eden Tours Passach".  As GOLDWASSER was operating and holding himself out as a viable and active Florida company which in fact had been voluntarily dissolved prior to the events alleged herein, he is personally liable for any claims or actions alleged herein that occurred through E.T. Passover. LLC.

63.     Defendant ASAI is, and at all relevant times was, a Florida for-profit corporation doing business in Miami-Dade County, Florida.  ASAI is, and at all relevant times was, an employee staffing company providing temporary server and cooking staff in Miami-Dade County, Florida, that, upon information and belief, used, purchased, and sold materials and

goods in interstate commerce, and had, either alone or in conjunction with the other Defendants as joint employers of Plaintiffs, annual gross revenues in excess of $500,000.00.

64. Defendant ADAN is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, ADAN was and still is an owner and President of ASAI, was and still is an agent of ASAI, and acted in the course and scope of his employment as owner and President of ASAI with regard to Plaintiffs.

65. Defendant SATZ is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. At all relevant times, and upon information and belief, SATZ was and still is an owner and operator of ASAI, was and still is an agent of ASAI, and acted in the course and scope of his employment as owner, operator and/or agent of ASAI with regard to Plaintiffs. In addition, SATZ held himself out to Plaintiffs and the public as the owner and operator of another Florida for-profit employee staffing company, Hire Power Staffing, Inc., as being in business with ASAI, even though SATZ had allowed Hire Power Staffing, Inc. to be administratively dissolved by the State of Florida prior to the events alleged herein below. As Hire Power Staffing, Inc. was dissolved at the time of the events and actions alleged herein, SATZ he is personally liable for any claims or actions alleged herein that occurred through that dissolved company.

66. Defendant NEW STAR is, and at all relevant times was, a foreign corporation headquartered in New York that entered into Miami-Dade County to perform catering services for the events and transactions alleged herein and thus did business in Miami-Dade County, Florida. NEW STAR is, and at all relevant times was, a kosher catering company that provided kosher cooking and catering services in Miami-Dade County, Florida, that, upon information and belief used, purchased, and sold materials and goods in interstate commerce, and that had, either

alone or in conjunction with the other Defendants as joint employers of Plaintiffs, annual gross revenues in excess of $500,000.00.

67.     Defendant FUCHS is, and at all relevant times has been, a resident of the state of New York, and is *sui juris*.  At all relevant times, FUCHS was and still is an owner and President of NEW STAR, was and still is an agent of NEW STAR, and acted in the course and scope of his employment as owner and President of NEW STAR with regard to Plaintiffs.

68.     At all relevant times TRUMP was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00.  In addition, EDEN TOURS, ASAI, and NEW STAR, jointly, were and still are "employers" under the FLSA for purposes of enterprise coverage in that they were and operated as an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and, upon information and belief, had combined gross annual revenues of not less than $500,000.00.

69.     At all relevant times, GOLDWASSER, ADAN, SATZ, and FUCHS were, and still are, statutory "employers" under the FLSA in that they acted, directly or indirectly, on behalf of EDEN TOURS, ASAI, and/or NEW STAR in relation to Plaintiffs, and regularly exercised authority to hire and fire employees of EDEN TOURS, ASAI, and/or NEW STAR, determined the work schedules of employees of EDEN TOURS, ASAI, and/or NEW STAR, set the rates of pay and compensation for employees of EDEN TOURS, ASAI, and/or NEW STAR, and controlled the finances and operations of EDEN TOURS, ASAI, and/or NEW STAR.

70.     At all relevant times, TRUMP and NEW STAR were joint employers of Plaintiffs, along with EDEN, GOLDWASSER, ASAI, ADAN, SATZ, and FUCHS, under a "horizontal" joint employment relationship in that (1) employees of TRUMP and NEW STAR, including Captains, Chefs, and wait and cooking staff, regularly supervised, directed and controlled the work of one or more of the Plaintiffs, (2) TRUMP and NEW STAR agreed to and were represented in EDEN TOURS and GOLDWASSER's promotional materials for the event as the parties who were and would be in charge of, would control, and would oversee the work of Plaintiffs; (3) employees of TRUMP and NEW STAR prepared, assigned, and directed the work schedules and work hours for Plaintiffs; (4) TRUMP and NEW STAR provided Plaintiffs with all of the tools and equipment to perform their work,  (5) TRUMP provided the site and the facilities for Plaintiffs to perform their work; (6) TRUMP, through its supervisory employees, was actively involved in the auditioning and hiring decisions of Plaintiffs prior to the event; (7) TRUMP, though its human resources personnel, was involved in the complaint process, complaint reporting, and termination decisions of one or more Plaintiffs; and (8) TRUMP employees held themselves out to and represented to one or more Plaintiffs that they were going to be actively involved in the supervision of the wait staff and cooks at the event..

71.     At all relevant times, EDEN TOURS and GOLDWASSER were the joint employers of Plaintiffs with ASAI, ADAN, SATZ, NEW STAR, and FUCHS for purposes of the FLSA, under a "vertical" joint employment relationship, in that EDEN TOURS and GOLDWASSER controlled the operations of ASAI, ADAN, SATZ, NEW STAR, and FUCHS with respect to the hiring and employment of Plaintiffs; directly and/or indirectly shared control of Plaintiffs' work on a daily basis with and through ASAI, ADAN, SATZ, NEW STAR, and FUCHS; directly and/or indirectly determined the rates and methods of payment for Plaintiffs;

and substantially invested in and provided the facilities, equipment and tools to allow Plaintiffs to perform the work.  Moreover, the work that was to be performed by Plaintiffs was an integral part of the provision of guest services and presentation of the event that EDEN TOURS and GOLDWASSER organized.

72.     Plaintiffs bring this action for relief under the overtime and minimum wage provisions of the FLSA on behalf of themselves and all other former employees of Defendants who are and were similarly situated.  This class consists of all servers and chefs/cooks hired to provide services at the Trump Plaza Doral Hotel during the ten-day period April 13, 2014 through April 23, 2014, to provide cooking and food serving services for patrons of the "Eden Tours Passach" Passover holiday tour, who worked in excess of forty (40) hours each work week, and who were not paid either the FLSA required statutory minimum wage for each hour they worked or the FLSA required overtime premiums for each hour worked in excess of forty (40) hours in each work week.

73.     Plaintiffs, and those similarly situated to them, were hired at various times by TRUMP, EDEN TOURS, GOLDWASSER, ASAI, ADAN and SATZ to provide temporary staffing services as servers and chefs/cooks for the patrons of the "Eden Tours Passach" Passover holiday tour that was to take place, and did take place, at the Trump Plaza Doral, a hotel owned and operated by TRUMP, from April 13, 2014 through April 23, 2014.  Each of the Plaintiffs was informed that they would be paid various amounts for their services.  The list of the amounts each named Plaintiff was promised that he/she would be paid for his/her services is set forth on Exhibit ""FFF" attached hereto and incorporated herein by reference.

74.     At all relevant times, Plaintiffs, and those similarly situated to them, were in non-exempt positons who are entitled to overtime compensation under the FLSA for each hour worked over 40 hours in one or more work weeks.

75.     At all relevant times, Plaintiffs, and those similarly situated to them, were in positions that required that they be paid at least the applicable statutory minimum wage per the FLSA.

76.     Each of the Plaintiffs, and those similarly situated to them, performed work for and on behalf of Defendants during the period April 13, 2014 through April 23, 2014, at the specific request and direction, and under the supervision and control, of Defendants.

77.     Each of the Plaintiffs, and those similarly situated to them, worked in excess of forty (40) hours in one or more work weeks.

78.     Each of the Plaintiffs, and those similarly situated to them, despite demand therefor, were not paid all of the wages that were promised and owed to them, or were paid amounts less than the applicable statutory minimum wage given the number of hours each was required to work.  Each of the Plaintiffs, and those similarly situated to them, were not paid any overtime premiums as required by the FLSA for each hour they worked in excess of forty (40) in one or more work weeks.

79.     Upon information and belief, ASAI, ADAN, and SATZ were paid substantial monies by EDEN TOURS and/or GOLDWASSER, including at least a portion of the monies that were to be paid to Plaintiffs and all those similarly situated for work they performed. However, ASAI, ADAN, and SATZ failed to pay Plaintiffs the full amount of monies they were promised and owed from the monies they received from EDEN TOURS and/or GOLDWASSER, nor did EDEN TOURS and/or GOLDWASSER pay directly to Plaintiffs any

monies they were owed.  Upon information and belief, ASAI, ADAN, and SATZ kept most of the monies actually paid to them by EDEN TOURS and/or GOLDWASSER, and the "Eden Tours Passach", sponsors for their own personal gain.

80.     While one or more of the Plaintiffs kept and maintained some records of their pay and time records, the complete records of the compensation actually paid to Plaintiffs, if any, and the specific records of hours Plaintiffs worked, are currently, or should be, in the possession, custody, and control of Defendants.  Upon information and belief, however, Defendants failed to keep and maintain all required records of hours worked by and wages paid to their employees, including Plaintiffs, and those similarly situated, per the record-keeping requirements of the FLSA.

81.     All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

82.     Plaintiffs have hired the undersigned law firm to represent them in this case and have agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID MINIMUM WAGE VIOLATION OF FLSA (ALL DEFENDANTS)

83.     Plaintiffs re-allege paragraphs 1 through 82 as if set forth fully herein.

84.     The FLSA, specifically 29 U.S.C. §206(a), requires all employers to pay their employees a minimum wage for each hour that the employee works.

85.     Defendants, despite each having a non-delegable duty as Plaintiffs employer under the FLSA to pay Plaintiff and all those similarly situated at least their minimum hourly wages, failed to pay Plaintiffs and all those similarly situated their minimum hourly wages for each of the hours they worked during the ten (10) day period from April 13, 2014 through April 23, 2014.

86.     Defendants' failure to pay Plaintiffs, and all those similarly situated, their minimum wages as alleged hereinabove violates the FLSA, 29 U.S.C. §206(a).

87.     Plaintiffs, and all those similarly situated, have suffered damages in the amount of their unpaid wages and are entitled to liquidated damages in an amount equal to that of the unpaid wages.

88.     Defendants' actions describe herein were undertaken willfully, maliciously, and in reckless disregard for Plaintiffs' rights under the law.

89.     Plaintiffs are entitled to recover their costs, expenses, and reasonable attorney's fees under the FLSA.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Defendants, jointly and severally, for all unpaid minimum wages owed to them as required by the FLSA, plus liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT II – UNPAID OVERTIME VIOLATION OF FLSA (ALL DEFENDANTS)

90.     Plaintiffs re-allege paragraphs 1 through 82 and 88 through 89 as if set forth fully herein.

91.     Under the FLSA, specifically 29 U.S.C. §207(a), Defendants were obligated to pay Plaintiffs, and all those similarly situated, one and one-half times their hourly pay rate for all hours they worked in excess of forty (40) hours per work week.  Plaintiffs, and all those similarly situated, worked in excess of forty (40) hours in one or more work weeks, but were not paid the extra overtime premium for their overtime work.

92.     Defendants, despite each having a non-delegable duty as Plaintiffs' employer under the FLSA to pay Plaintiff and all those similarly situated one and one-half times their

regular hourly rate of pay for each hours they worked in excess of 40 in a work week, have failed and refused to pay Plaintiffs, and all those similarly situated, the required extra overtime pay for all hours Plaintiffs, and all those similarly situated,   worked in excess of forty (40) hours per work week, in violation of the FLSA overtime requirements under 29 U.S.C. §207(a).

93.     As a direct and proximate result of Defendants' violations of the FLSA overtime requirements, Plaintiffs have suffered damages equal to one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per work week, plus double that amount in liquidated damages as provided under the FLSA.

WHEREFORE, Plaintiffs,  on behalf of themselves and all others similarly situated, demand judgment against Defendants, jointly and severally, for all unpaid overtime as required by the FLSA, plus liquidated damages, interest, costs, expenses, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT III – BREACH OF CONTRACT FOR UNPAID WAGES
## (HAYAT AARRAS)

94.     Plaintiff HAYAT AARRAS re-alleges paragraphs 1 through 82 as if set forth fully herein.

95.     HAYAT AARRAS entered into an oral contract for employment with ASAI under which, for services performed by HAYAT AARRAS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay HAYAT AARRAS an amount between $1,500.00 and $3,000.00.

96.     HAYAT AARRAS performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

97.     ASAI thus breached the employment contract by failing to pay HAYAT AARRAS her promised and due wages for services performed.

98.     As a direct and proximate result of ASAI's breach of contract, HAYAT AARRAS has suffered damages in the amount of wages not paid to her.

99.     As this is an action for unpaid wages, HAYAT AARRAS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff HAYAT AARRAS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT IV – BREACH OF CONTRACT FOR UNPAID WAGES
## (NILYELIZ AGUDELO)

100.     Plaintiff NILYELIZ AGUDELO re-alleges paragraphs 1 through 82 as if set forth fully herein.

101.     NILYELIZ AGUDELO entered into an oral contract for employment with ASAI under which, for services performed by NILYELIZ AGUDELO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay NILYELIZ AGUDELO and amount between $1,200.00 and $2,100.00.

102.     NILYELIZ AGUDELO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

103.     ASAI thus breached the employment contract by failing to pay NILYELIZ AGUDELO her promised and due wages for services performed.

104.     As a direct and proximate result of ASAI's breach of contract, NILYELIZ AGUDELO has suffered damages in the amount of wages not paid to her.

105.     As this is an action for unpaid wages, NILYELIZ AGUDELO entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff NILYELIZ AGUDELO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT V – BREACH OF CONTRACT FOR UNPAID WAGES (NAOMY ALPHONSE)

106.     Plaintiff NAOMY ALPHONSE re-alleges paragraphs 1 through 82 as if set forth fully herein.

107.     NAOMY ALPHONSE entered into an oral contract for employment with ASAI under which, for services performed by NAOMY ALPHONSE during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay NAOMY ALPHONSE and amount of at least $1,500.00.

108.     NAOMY ALPHONSE performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

109.     ASAI thus breached the employment contract by failing to pay NAOMY ALPHONSE her promised and due wages for services performed.

110.     As a direct and proximate result of ASAI's breach of contract, NAOMY ALPHONSE has suffered damages in the amount of wages not paid to her.

111.    As this is an action for unpaid wages, NAOMY ALPHONSE is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff NAOMY ALPHONSE demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

<u>COUNT VI – BREACH OF CONTRACT FOR UNPAID WAGES<br>(SANDY APARICIO)</u>

112.    Plaintiff SANDY APARICIO re-alleges paragraphs 1 through 82 as if set forth fully herein.

113.    SANDY APARICIO entered into an oral contract for employment with ASAI under which, for services performed by SANDY APARICIO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay SANDY APARICIO an amount of at least $1,135.00.

114.    SANDY APARICIO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

115.    ASAI thus breached the employment contract by failing to pay SANDY APARICIO her promised and due wages for services performed.

116.    As a direct and proximate result of ASAI's breach of contract, SANDY APARICIO has suffered damages in the amount of wages not paid to her.

117.    As this is an action for unpaid wages, SANDY APARICIO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff SANDY APARICIO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT VII – BREACH OF CONTRACT FOR UNPAID WAGES
## (JULIAN ARBELAEZ)

118. Plaintiff JULIAN ARBELAEZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

119. JULIAN ARBELAEZ entered into an oral contract for employment with ASAI under which, for services performed by JULIAN ARBELAEZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JULIAN ARBELAEZ at least $2,500.00.

120. JULIAN ARBELAEZ performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

121. ASAI thus breached the employment contract by failing to pay JULIAN ARBELAEZ his promised and due wages for services performed.

122. As a direct and proximate result of ASAI's breach of contract, JULIAN ARBELAEZ has suffered damages in the amount of wages not paid to him.

123. As this is an action for unpaid wages, JULIAN ARBELAEZ is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JULIAN ARBELAEZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be

paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

**COUNT VIII – BREACH OF CONTRACT FOR UNPAID WAGES**
**(TULIO BALLON)**

124.    Plaintiff TULIO BALLON re-alleges paragraphs 1 through 82 as if set forth fully herein.

125.    TULIO BALLON entered into an oral contract for employment with ASAI under which, for services performed by TULIO BALLON during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay TULIO BALLON at least $840.00.

126.    TULIO BALLON performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

127.    ASAI thus breached the employment contract by failing to pay TULIO BALLON his promised and due wages for services performed.

128.    As a direct and proximate result of ASAI's breach of contract, TULIO BALLON has suffered damages in the amount of wages not paid to him.

129.    As this is an action for unpaid wages, TULIO BALLON is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff TULIO BALLON demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT IX – BREACH OF CONTRACT FOR UNPAID WAGES
## (YOLANDA BURGOS de BARRIOS)

130. Plaintiff YOLANDA BURGOS de BARRIOS re-alleges paragraphs 1 through 82 as if set forth fully herein.

131. YOLANDA BURGOS de BARRIOS entered into an oral contract for employment with ASAI under which, for services performed by YOLANDA BURGOS de BARRIOS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay YOLANDA BURGOS de BARRIOS at least $1,360.00.

132. YOLANDA BURGOS de BARRIOS performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

133. ASAI thus breached the employment contract by failing to pay YOLANDA BURGOS de BARRIOS her promised and due wages for services performed.

134. As a direct and proximate result of ASAI's breach of contract, YOLANDA BURGOS de BARRIOS has suffered damages in the amount of wages not paid to her.

135. As this is an action for unpaid wages, YOLANDA BURGOS de BARRIOS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff YOLANDA BURGOS de BARRIOS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT X – BREACH OF CONTRACT FOR UNPAID WAGES
### (JESSICA BRINGAS)

136.    Plaintiff JESSICA BRINGAS re-alleges paragraphs 1 through 82 as if set forth fully herein.

137.    JESSICA BRINGAS entered into an oral contract for employment with ASAI under which, for services performed by JESSICA BRINGAS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JESSICA BRINGAS at least $2,400.00**.**

138.    JESSICA BRINGAS performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

139.    ASAI thus breached the employment contract by failing to pay JESSICA BRINGAS her promised and due wages for services performed.

140.    As a direct and proximate result of ASAI's breach of contract, JESSICA BRINGAS has suffered damages in the amount of wages not paid to her.

141.    As this is an action for unpaid wages, JESSICA BRINGAS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JESSICA BRINGAS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XI – BREACH OF CONTRACT FOR UNPAID WAGES
### (CARLOS CAMPOS)

142.    Plaintiff CARLOS CAMPOS re-alleges paragraphs 1 through 82 as if set forth fully herein.

143.    CARLOS CAMPOS entered into an oral contract for employment with ASAI under which, for services performed by CARLOS CAMPOS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay CARLOS CAMPOS of at least $900.00.

144.    CARLOS CAMPOS performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

145.    ASAI thus breached the employment contract by failing to pay CARLOS CAMPOS his promised and due wages for services performed.

146.    As a direct and proximate result of ASAI's breach of contract, CARLOS CAMPOS has suffered damages in the amount of wages not paid to him.

147.    As this is an action for unpaid wages, CARLOS CAMPOS is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff CARLOS CAMPOS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XII – BREACH OF CONTRACT FOR UNPAID WAGES
## (PATRICIA CARRION)

148.    Plaintiff PATRICIA CARRION re-alleges paragraphs 1 through 82 as if set forth fully herein.

149.    PATRICIA CARRION entered into an oral contract for employment with ASAI under which, for services performed by PATRICIA CARRION during the Eden Tours Passach

event at the Trump Doral Plaza Hotel, ASAI was to pay PATRICIA CARRION at least $1,200.00.

150.    PATRICIA CARRION performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

151.    ASAI thus breached the employment contract by failing to pay PATRICIA CARRION her promised and due wages for services performed.

152.    As a direct and proximate result of ASAI's breach of contract, PATRICIA CARRION has suffered damages in the amount of wages not paid to her.

153.    As this is an action for unpaid wages, PATRICIA CARRION is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff PATRICIA CARRION demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (ROCIO CASTRO)

154.    Plaintiff ROCIO CASTRO re-alleges paragraphs 1 through 82 as if set forth fully herein.

155.    ROCIO CASTRO entered into an oral contract for employment with ASAI under which, for services performed by ROCIO CASTRO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ROCIO CASTRO at least $1,600.00.

156.    ROCIO CASTRO performed the services requested and required of her, but, despite demand therefor, was not paid all of the wages she was promised per the oral agreement between her and ASAI.

157.    ASAI thus breached the employment contract by failing to pay ROCIO CASTRO her promised and due wages for services performed.

158.    As a direct and proximate result of ASAI's breach of contract, ROCIO CASTRO has suffered damages in the amount of wages not paid to her.

159.    As this is an action for unpaid wages, ROCIO CASTRO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ROCIO CASTRO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XIV – BREACH OF CONTRACT FOR UNPAID WAGES
## (LEONARDO CELORRIO)

160.    Plaintiff LEONARDO CELORRIO re-alleges paragraphs 1 through 82 as if set forth fully herein.

161.    LEONARDO CELORRIO entered into an oral contract for employment with ASAI under which, for services performed by LEONARDO CELORRIO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay LEONARDO CELORRIO at least $1,360.00.

162.    LEONARDO CELORRIO performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

163.    ASAI thus breached the employment contract by failing to pay LEONARDO CELORRIO his promised and due wages for services performed.

164.    As a direct and proximate result of ASAI's breach of contract, LEONARDO CELORRIO has suffered damages in the amount of wages not paid to him.

165.    As this is an action for unpaid wages, LEONARDO CELORRIO is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff LEONARDO CELORRIO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XV – BREACH OF CONTRACT FOR UNPAID WAGES
## (DERRICK CHAPMAN)

166.    Plaintiff DERRICK CHAPMAN re-alleges paragraphs 1 through 82 as if set forth fully herein.

167.    DERRICK CHAPMAN entered into an oral contract for employment with ASAI under which, for services performed by DERRICK CHAPMAN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DERRICK CHAPMAN at least $1,650.00.

168.    DERRICK CHAPMAN performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

169.    ASAI thus breached the employment contract by failing to pay DERRICK CHAPMAN his promised and due wages for services performed.

170.     As a direct and proximate result of ASAI's breach of contract, DERRICK CHAPMAN has suffered damages in the amount of wages not paid to him.

171.     As this is an action for unpaid wages, DERRICK CHAPMAN is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DERRICK CHAPMAN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XVI – BREACH OF CONTRACT FOR UNPAID WAGES (ERICA DAVIS-JEAN BAPTISTE)

172.     Plaintiff ERICA DAVIS-JEAN BAPTISTE re-alleges paragraphs 1 through 82 as if set forth fully herein.

173.     ERICA DAVIS-JEAN BAPTISTE entered into an oral contract for employment with ASAI under which, for services performed by ERICA DAVIS-JEAN BAPTISTE during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ERICA DAVIS-JEAN BAPTISTE between $1,300.00 and $3,000.00.

174.     ERICA DAVIS-JEAN BAPTISTE performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

175.     ASAI thus breached the employment contract by failing to pay ERICA DAVIS-JEAN BAPTISTE her promised and due wages for services performed.

176.     As a direct and proximate result of ASAI's breach of contract, ERICA DAVIS-JEAN BAPTISTE has suffered damages in the amount of wages not paid to her.

177.    As this is an action for unpaid wages, ERICA DAVIS-JEAN BAPTISTE is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ERICA DAVIS-JEAN BAPTISTE demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

<u>**COUNT XVII – BREACH OF CONTRACT FOR UNPAID WAGES**</u>
<u>**(ROSA DE LA COTERA)**</u>

178.    Plaintiff ROSA DE LA COTERA re-alleges paragraphs 1 through 82 as if set forth fully herein.

179.    ROSA DE LA COTERA entered into an oral contract for employment with ASAI under which, for services performed by ROSA DE LA COTERA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ROSA DE LA COTERA at least $2,320.00.

180.    ROSA DE LA COTERA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

181.    ASAI thus breached the employment contract by failing to pay ROSA DE LA COTERA her promised and due wages for services performed.

182.    As a direct and proximate result of ASAI's breach of contract, ROSA DE LA COTERA has suffered damages in the amount of wages not paid to her.

183.    As this is an action for unpaid wages, ROSA DE LA COTERA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ROSA DE LA COTERA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XVIII – BREACH OF CONTRACT FOR UNPAID WAGES
### (SANDRA DUARTE)

184.    Plaintiff SANDRA DUARTE re-alleges paragraphs 1 through 82 as if set forth fully herein.

185.    SANDRA DUARTE entered into an oral contract for employment with ASAI under which, for services performed by SANDRA DUARTE during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay SANDRA DUARTE between $1,500.00 and $3,000.00.

186.    SANDRA DUARTE performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

187.    ASAI thus breached the employment contract by failing to pay SANDRA DUARTE her promised and due wages for services performed.

188.    As a direct and proximate result of ASAI's breach of contract, SANDRA DUARTE has suffered damages in the amount of wages not paid to her.

189.    As this is an action for unpaid wages, SANDRA DUARTE is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff SANDRA DUARTE demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid,

plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XIX – BREACH OF CONTRACT FOR UNPAID WAGES
### (EMILY ELLIOTT)

190.   Plaintiff EMILY ELLIOTT re-alleges paragraphs 1 through 82 as if set forth fully herein.

191.   EMILY ELLIOTT entered into an oral contract for employment with ASAI under which, for services performed by EMILY ELLIOTT during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay EMILY ELLIOTT between $1,800.00 and $3,000.00.

192.   EMILY ELLIOTT performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

193.   ASAI thus breached the employment contract by failing to pay EMILY ELLIOTT her promised and due wages for services performed.

194.   As a direct and proximate result of ASAI's breach of contract, EMILY ELLIOTT has suffered damages in the amount of wages not paid to her.

195.   As this is an action for unpaid wages, EMILY ELLIOTT is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff EMILY ELLIOTT demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XX – BREACH OF CONTRACT FOR UNPAID WAGES
### (JENNIFER ERMIS)

196.    Plaintiff JENNIFER ERMIS re-alleges paragraphs 1 through 82 as if set forth fully herein.

197.    JENNIFER ERMIS entered into an oral contract for employment with ASAI under which, for services performed by JENNIFER ERMIS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JENNIFER ERMIS at least $1,340.00.

198.    JENNIFER ERMIS performed the services requested and required of him, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

199.    ASAI thus breached the employment contract by failing to pay JENNIFER ERMIS her promised and due wages for services performed.

200.    As a direct and proximate result of ASAI's breach of contract, JENNIFER ERMIS has suffered damages in the amount of wages not paid to her.

201.    As this is an action for unpaid wages, JENNIFER ERMIS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JENNIFER ERMIS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXI – BREACH OF CONTRACT FOR UNPAID WAGES
### (JAIRO RICHARD ESPANA)

202.    Plaintiff JAIRO RICHARD ESPANA re-alleges paragraphs 1 through 82 as if set forth fully herein.

203. JAIRO RICHARD ESPANA entered into an oral contract for employment with ASAI under which, for services performed by JAIRO RICHARD ESPANA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JAIRO RICHARD ESPANA between $1,200.00 and $3,225.00.

204. JAIRO RICHARD ESPANA performed the services requested and required of him, but, despite demand therefor, was not paid all of the wages he was promised per the oral agreement between him and ASAI.

205. ASAI thus breached the employment contract by failing to pay JAIRO RICHARD ESPANA his promised and due wages for services performed.

206. As a direct and proximate result of ASAI's breach of contract, JAIRO RICHARD ESPANA has suffered damages in the amount of wages not paid to him.

207. As this is an action for unpaid wages, JAIRO RICHARD ESPANA is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JAIRO RICHARD ESPANA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXII – BREACH OF CONTRACT FOR UNPAID WAGES
### (MARIE F. EXANTUS)

208. Plaintiff MARIE F. EXANTUS re-alleges paragraphs 1 through 82 as if set forth fully herein.

209. MARIE F. EXANTUS entered into an oral contract for employment with ASAI under which, for services performed by MARIE F. EXANTUS during the Eden Tours Passach

event at the Trump Doral Plaza Hotel, ASAI was to pay MARIE F. EXANTUS between $2,000.00 and $3,000.00.

210.    MARIE F. EXANTUS performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

211.    ASAI thus breached the employment contract by failing to pay MARIE F. EXANTUS her promised and due wages for services performed.

212.    As a direct and proximate result of ASAI's breach of contract, MARIE F. EXANTUS has suffered damages in the amount of wages not paid to her.

213.    As this is an action for unpaid wages, MARIE F. EXANTUS is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MARIE F. EXANTUS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (ERIKA FONTICIELLA)

214.    Plaintiff ERIKA FONTICIELLA re-alleges paragraphs 1 through 82 as if set forth fully herein.

215.    ERIKA FONTICIELLA entered into an oral contract for employment with ASAI under which, for services performed by ERIKA FONTICIELLA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ERIKA FONTICIELLA at least $2,500.00.

216.     ERIKA FONTICIELLA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

217.     ASAI thus breached the employment contract by failing to pay ERIKA FONTICIELLA her promised and due wages for services performed.

218.     As a direct and proximate result of ASAI's breach of contract, ERIKA FONTICIELLA has suffered damages in the amount of wages not paid to her.

219.     As this is an action for unpaid wages, ERIKA FONTICIELLA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ERIKA FONTICIELLA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXIV – BREACH OF CONTRACT FOR UNPAID WAGES (JORGE GARAY)

220.     Plaintiff JORGE GARAY re-alleges paragraphs 1 through 82 as if set forth fully herein.

221.     JORGE GARAY entered into an oral contract for employment with ASAI under which, for services performed by JORGE GARAY during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JORGE GARAY at least $2,310.00.

222.     JORGE GARAY performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

223.    ASAI thus breached the employment contract by failing to pay JORGE GARAY his promised and due wages for services performed.

224.    As a direct and proximate result of ASAI's breach of contract, JORGE GARAY has suffered damages in the amount of wages not paid to him.

225.    As this is an action for unpaid wages, JORGE GARAY is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JORGE GARAY demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXV – BREACH OF CONTRACT FOR UNPAID WAGES
## (CLAUDIA DUARTE GARCIA)

226.    Plaintiff CLAUDIA DUARTE GARCIA re-alleges paragraphs 1 through 82 as if set forth fully herein.

227.    CLAUDIA DUARTE GARCIA entered into an oral contract for employment with ASAI under which, for services performed by CLAUDIA DUARTE GARCIA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay CLAUDIA DUARTE GARCIA at least $1,300.00.

228.    CLAUDIA DUARTE GARCIA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

229.    ASAI thus breached the employment contract by failing to pay CLAUDIA DUARTE GARCIA her promised and due wages for services performed.

230.     As a direct and proximate result of ASAI's breach of contract, CLAUDIA DUARTE GARCIA has suffered damages in the amount of wages not paid to her.

231.     As this is an action for unpaid wages, CLAUDIA DUARTE GARCIA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff CLAUDIA DUARTE GARCIA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXVI – BREACH OF CONTRACT FOR UNPAID WAGES (SCOTT GOLDMAN)

232.     Plaintiff SCOTT GOLDMAN re-alleges paragraphs 1 through 82 as if set forth fully herein.

233.     SCOTT GOLDMAN entered into an oral contract for employment with ASAI under which, for services performed by SCOTT GOLDMAN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay SCOTT GOLDMAN at least $1,600.00.

234.     SCOTT GOLDMAN performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

235.     ASAI thus breached the employment contract by failing to pay SCOTT GOLDMAN his promised and due wages for services performed.

236.     As a direct and proximate result of ASAI's breach of contract, SCOTT GOLDMAN has suffered damages in the amount of wages not paid to him.

237.     As this is an action for unpaid wages, SCOTT GOLDMAN is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff SCOTT GOLDMAN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXVII – BREACH OF CONTRACT FOR UNPAID WAGES
## (RICHARD JOHNSON, II)

238.    Plaintiff RICHARD JOHNSON, II re-alleges paragraphs 1 through 82 as if set forth fully herein.

239.    RICHARD JOHNSON, II entered into an oral contract for employment with ASAI under which, for services performed by RICHARD JOHNSON, II during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay RICHARD JOHNSON, II at least $5,500.00.

240.    RICHARD JOHNSON, II performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

241.    ASAI thus breached the employment contract by failing to pay RICHARD JOHNSON, II him promised and due wages for services performed.

242.    As a direct and proximate result of ASAI's breach of contract, RICHARD JOHNSON, II has suffered damages in the amount of wages not paid to him.

243.    As this is an action for unpaid wages, RICHARD JOHNSON, II is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff RICHARD JOHNSON, II demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be

paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXVIII – BREACH OF CONTRACT FOR UNPAID WAGES
### (LOREN M. JUNCIEL)

244.    Plaintiff LORENA M. JUNCIEL re-alleges paragraphs 1 through 82 as if set forth fully herein.

245.    LORENA M. JUNCIEL entered into an oral contract for employment with ASAI under which, for services performed by LORENA M. JUNCIEL during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay LORENA M. JUNCIEL at least $1,000.00.

246.    LORENA M. JUNCIEL performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

247.    ASAI thus breached the employment contract by failing to pay LORENA M. JUNCIEL her promised and due wages for services performed.

248.    As a direct and proximate result of ASAI's breach of contract, LORENA M. JUNCIEL has suffered damages in the amount of wages not paid to her.

249.    As this is an action for unpaid wages, LORENA M. JUNCIEL is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff LORENA M. JUNCIEL demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXIX – BREACH OF CONTRACT FOR UNPAID WAGES
## (ERIC KAHLAN)

250.    Plaintiff ERIC KAHLAN re-alleges paragraphs 1 through 82 as if set forth fully herein.

251.    ERIC KAHLAN entered into an oral contract for employment with ASAI under which, for services performed by ERIC KAHLAN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ERIC KAHLAN at least $1,500.00.

252.    ERIC KAHLAN performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

253.    ASAI thus breached the employment contract by failing to pay ERIC KAHLAN his promised and due wages for services performed.

254.    As a direct and proximate result of ASAI's breach of contract, ERIC KAHLAN has suffered damages in the amount of wages not paid to him.

255.    As this is an action for unpaid wages, ERIC KAHLAN is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ERIC KAHLAN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXX – BREACH OF CONTRACT FOR UNPAID WAGES
## (THERESA KNIGHT)

256.    Plaintiff THERESA KNIGHT re-alleges paragraphs 1 through 82 as if set forth fully herein.

257.     THERESA KNIGHT entered into an oral contract for employment with ASAI under which, for services performed by THERESA KNIGHT during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay THERESA KNIGHT at least $2,700.00.

258.     THERESA KNIGHT performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

259.     ASAI thus breached the employment contract by failing to pay THERESA KNIGHT her promised and due wages for services performed.

260.     As a direct and proximate result of ASAI's breach of contract, THERESA KNIGHT has suffered damages in the amount of wages not paid to her.

261.     As this is an action for unpaid wages, THERESA KNIGHT is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff THERESA KNIGHT demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXI– BREACH OF CONTRACT FOR UNPAID WAGES
## (DERRICK LEE)

262.     Plaintiff DERRICK LEE re-alleges paragraphs 1 through 82 as if set forth fully herein.

263.     DERRICK LEE entered into an oral contract for employment with ASAI under which, for services performed by DERRICK LEE during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DERRICK LEE at least $1,500.00.

264.    DERRICK LEE performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

265.    ASAI thus breached the employment contract by failing to pay DERRICK LEE his promised and due wages for services performed.

266.    As a direct and proximate result of ASAI's breach of contract, DERRICK LEE has suffered damages in the amount of wages not paid to him.

267.    As this is an action for unpaid wages, DERRICK LEE is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DERRICK LEE demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXII – BREACH OF CONTRACT FOR UNPAID WAGES
## (JANI LINDSAY)

268.    Plaintiff JANI LINDSAY re-alleges paragraphs 1 through 82 as if set forth fully herein.

269.    JANI LINDSAY entered into an oral contract for employment with ASAI under which, for services performed by JANI LINDSAY during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JANI LINDSAY between $900.00 and $2,400.00.

270.    JANI LINDSAY performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

271.    ASAI thus breached the employment contract by failing to pay JANI LINDSAY her promised and due wages for services performed.

272.    As a direct and proximate result of ASAI's breach of contract, JANI LINDSAY has suffered damages in the amount of wages not paid to her.

273.    As this is an action for unpaid wages, JANI LINDSAY is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JANI LINDSAY demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (MARIA MAIQUEZ)

274.    Plaintiff MARIA MAIQUEZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

275.    MARIA MAIQUEZ entered into an oral contract for employment with ASAI under which, for services performed by MARIA MAIQUEZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MARIA MAIQUEZ at least $1,541.37.

276.    MARIA MAIQUEZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

277.    ASAI thus breached the employment contract by failing to pay MARIA MAIQUEZ her promised and due wages for services performed.

278.    As a direct and proximate result of ASAI's breach of contract, MARIA MAIQUEZ has suffered damages in the amount of wages not paid to her.

279.    As this is an action for unpaid wages, MARIA MAIQUEZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MARIA MAIQUEZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

### COUNT XXXIV – BREACH OF CONTRACT FOR UNPAID WAGES (HERNEY MANCERA)

280.    Plaintiff HERNEY MANCERA re-alleges paragraphs 1 through 82 as if set forth fully herein.

281.    HERNEY MANCERA entered into an oral contract for employment with ASAI under which, for services performed by HERNEY MANCERA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay HERNEY MANCERA between $1,400.00 and $3,000.00.

282.    HERNEY MANCERA performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

283.    ASAI thus breached the employment contract by failing to pay HERNEY MANCERA his promised and due wages for services performed.

284.    As a direct and proximate result of ASAI's breach of contract, HERNEY MANCERA has suffered damages in the amount of wages not paid to him.

285.    As this is an action for unpaid wages, HERNEY MANCERA is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff HERNEY MANCERA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXV – BREACH OF CONTRACT FOR UNPAID WAGES
## (MARTHA L. ORTIZ)

286.    Plaintiff MARTHA L. ORTIZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

287.    MARTHA L. ORTIZ entered into an oral contract for employment with ASAI under which, for services performed by MARTHA L. ORTIZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MARTHA L. ORTIZ at least $2,200.00.

288.    MARTHA L. ORTIZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

2889.   ASAI thus breached the employment contract by failing to pay MARTHA L. ORTIZ her promised and due wages for services performed.

290.    As a direct and proximate result of ASAI's breach of contract, MARTHA L. ORTIZ has suffered damages in the amount of wages not paid to her.

291.    As this is an action for unpaid wages, MARTHA L. ORTIZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MARTHA L. ORTIZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXVI – BREACH OF CONTRACT FOR UNPAID WAGES
## (EDNA OSORNO)

292.     Plaintiff EDNA OSORNO re-alleges paragraphs 1 through 82 as if set forth fully herein.

293.     EDNA OSORNO entered into an oral contract for employment with ASAI under which, for services performed by EDNA OSORNO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay EDNA OSORNO at least $1,340.00.

294.     EDNA OSORNO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

295.     ASAI thus breached the employment contract by failing to pay EDNA OSORNO her promised and due wages for services performed.

296.     As a direct and proximate result of ASAI's breach of contract, EDNA OSORNO has suffered damages in the amount of wages not paid to her.

297.     As this is an action for unpaid wages, EDNA OSORNO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff EDNA OSORNO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXVII – BREACH OF CONTRACT FOR UNPAID WAGES
## (REBECCA VIZCAINO PAVON)

298.     Plaintiff REBECCA VIZCAINO PAVON re-alleges paragraphs 1 through 82 as if set forth fully herein.

299.   REBECCA VIZCAINO PAVON entered into an oral contract for employment with ASAI under which, for services performed by REBECCA VIZCAINO PAVON during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay REBECCA VIZCAINO PAVON at least $2,145.00.

300.   REBECCA VIZCAINO PAVON performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

301.   ASAI thus breached the employment contract by failing to pay REBECCA VIZCAINO PAVON her promised and due wages for services performed.

302.   As a direct and proximate result of ASAI's breach of contract, REBECCA VIZCAINO PAVON has suffered damages in the amount of wages not paid to her.

303.   As this is an action for unpaid wages, REBECCA VIZCAINO PAVON is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff REBECCA VIZCAINO PAVON demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXVIII – BREACH OF CONTRACT FOR UNPAID WAGES (DAISY P. PRIETO)

304.   Plaintiff DAISY P. PRIETO re-alleges paragraphs 1 through 82 as if set forth fully herein.

305.   DAISY P. PRIETO entered into an oral contract for employment with ASAI under which, for services performed by DAISY P. PRIETO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DAISY P. PRIETO at least $2,625.00.

306.     DAISY P. PRIETO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

307.     ASAI thus breached the employment contract by failing to pay DAISY P. PRIETO her promised and due wages for services performed.

308.     As a direct and proximate result of ASAI's breach of contract, DAISY P. PRIETO has suffered damages in the amount of wages not paid to her.

309.     As this is an action for unpaid wages, DAISY P. PRIETO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DAISY P. PRIETO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XXXIX – BREACH OF CONTRACT FOR UNPAID WAGES
## (MANUEL PRIETO)

310.   Plaintiff MANUEL PRIETO re-alleges paragraphs 1 through 82 as if set forth fully herein.

311.     MANUEL PRIETO entered into an oral contract for employment with ASAI under which, for services performed by MANUEL PRIETO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MANUEL PRIETO at least $2,625.00.

312.     MANUEL PRIETO performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

313.    ASAI thus breached the employment contract by failing to pay MANUEL PRIETO his promised and due wages for services performed.

314.    As a direct and proximate result of ASAI's breach of contract, MANUEL PRIETO has suffered damages in the amount of wages not paid to him.

315.    As this is an action for unpaid wages, MANUEL PRIETO is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MANUEL PRIETO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XL – BREACH OF CONTRACT FOR UNPAID WAGES
## (CHRISTY RAMIREZ)

316.    Plaintiff CHRISTY RAMIREZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

317.    CHRISTY RAMIREZ entered into an oral contract for employment with ASAI under which, for services performed by CHRISTY RAMIREZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay CHRISTY RAMIREZ at least $1,540.00.

318.    CHRISTY RAMIREZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

319.    ASAI thus breached the employment contract by failing to pay CHRISTY RAMIREZ her promised and due wages for services performed.

320.     As a direct and proximate result of ASAI's breach of contract, CHRISTY RAMIREZ has suffered damages in the amount of wages not paid to her.

321.     As this is an action for unpaid wages, CHRISTY RAMIREZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff CHRISTY RAMIREZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLI – BREACH OF CONTRACT FOR UNPAID WAGES
## (LIA E. RAMIREZ)

322.     Plaintiff LIA E. RAMIREZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

323.     LIA E. RAMIREZ entered into an oral contract for employment with ASAI under which, for services performed by LIA E. RAMIREZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay LIA E. RAMIREZ at least $1,540.00.

324.     LIA E. RAMIREZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

325.     ASAI thus breached the employment contract by failing to pay LIA E. RAMIREZ her promised and due wages for services performed.

326.     As a direct and proximate result of ASAI's breach of contract, LIA E. RAMIREZ has suffered damages in the amount of wages not paid to her.

327.     As this is an action for unpaid wages, LIA E. RAMIREZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff LIA E. RAMIREZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLII – BREACH OF CONTRACT FOR UNPAID WAGES
## (JORGE RAMIREZ)

328.     Plaintiff JORGE RAMIREZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

329.   JORGE RAMIREZ entered into an oral contract for employment with ASAI under which, for services performed by JORGE RAMIREZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JORGE RAMIREZ at least $2,000.00.

330.     JORGE RAMIREZ performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

331.     ASAI thus breached the employment contract by failing to pay JORGE RAMIREZ his promised and due wages for services performed.

332.     As a direct and proximate result of ASAI's breach of contract, JORGE RAMIREZ has suffered damages in the amount of wages not paid to him.

333.     As this is an action for unpaid wages, JORGE RAMIREZ is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JORGE RAMIREZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (JEFFREY ROCA)

334.    Plaintiff JEFFREY ROCA re-alleges paragraphs 1 through 82 as if set forth fully herein.

335.    JEFFREY ROCA entered into an oral contract for employment with ASAI under which, for services performed by JEFFREY ROCA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JEFFREY ROCA at least $1,800.00.

336.    JEFFREY ROCA performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

337.    ASAI thus breached the employment contract by failing to pay JEFFREY ROCA his promised and due wages for services performed.

338.    As a direct and proximate result of ASAI's breach of contract, JEFFREY ROCA has suffered damages in the amount of wages not paid to him.

339.    As this is an action for unpaid wages, JEFFREY ROCA is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JEFFREY ROCA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLIV– BREACH OF CONTRACT FOR UNPAID WAGES
## (EDGAR A. RUIZ)

340.    Plaintiff EDGAR A. RUIZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

341.    EDGAR A. RUIZ entered into an oral contract for employment with ASAI under which, for services performed by EDGAR A. RUIZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay EDGAR A. RUIZ at least $3,000.00.

342.    EDGAR A. RUIZ performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

343.    ASAI thus breached the employment contract by failing to pay EDGAR A. RUIZ his promised and due wages for services performed.

344.    As a direct and proximate result of ASAI's breach of contract, EDGAR A. RUIZ has suffered damages in the amount of wages not paid to him.

345.    As this is an action for unpaid wages, EDGAR A. RUIZ is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff EDGAR A. RUIZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

### COUNT XLV – BREACH OF CONTRACT FOR UNPAID WAGES (EDUARDO SABAS)

346.    Plaintiff EDUARDO SABAS re-alleges paragraphs 1 through 82 as if set forth fully herein.

347.    EDUARDO SABAS entered into an oral contract for employment with ASAI under which, for services performed by EDUARDO SABAS during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay EDUARDO SABAS at least $2,450.00.

348.    EDUARDO SABAS performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

349.    ASAI thus breached the employment contract by failing to pay EDUARDO SABAS his promised and due wages for services performed.

350.    As a direct and proximate result of ASAI's breach of contract, EDUARDO SABAS has suffered damages in the amount of wages not paid to him.

351.    As this is an action for unpaid wages, EDUARDO SABAS is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff EDUARDO SABAS demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLVI – BREACH OF CONTRACT FOR UNPAID WAGES
### (ALBA SALDARRIAGA)

352.   Plaintiff ALBA SALDARRIAGA re-alleges paragraphs 1 through 82 as if set forth fully herein.

353.    ALBA SALDARRIAGA entered into an oral contract for employment with ASAI under which, for services performed by ALBA SALDARRIAGA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ALBA SALDARRIAGA at least $930.00.

354.    ALBA SALDARRIAGA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

355.    ASAI thus breached the employment contract by failing to pay ALBA SALDARRIAGA her promised and due wages for services performed.

356.    As a direct and proximate result of ASAI's breach of contract, ALBA SALDARRIAGA has suffered damages in the amount of wages not paid to her.

357.    As this is an action for unpaid wages, ALBA SALDARRIAGA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ALBA SALDARRIAGA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLVII – BREACH OF CONTRACT FOR UNPAID WAGES (ELIZABETH SAN MARTIN)

358.    Plaintiff ELIZABETH SAN MARTIN re-alleges paragraphs 1 through 82 as if set forth fully herein.

359.    ELIZABETH SAN MARTIN entered into an oral contract for employment with ASAI under which, for services performed by ELIZABETH SAN MARTIN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay ELIZABETH SAN MARTIN at least $1,600.00.

360.    ELIZABETH SAN MARTIN performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

361.    ASAI thus breached the employment contract by failing to pay ELIZABETH SAN MARTIN her promised and due wages for services performed.

362.   As a direct and proximate result of ASAI's breach of contract, ELIZABETH SAN MARTIN has suffered damages in the amount of wages not paid to her.

363.   As this is an action for unpaid wages, ELIZABETH SAN MARTIN is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ELIZABETH SAN MARTIN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLVIII – BREACH OF CONTRACT FOR UNPAID WAGES
## (HELEN SIERRA)

364.   Plaintiff HELEN SIERRA re-alleges paragraphs 1 through 82 as if set forth fully herein.

365.   HELEN SIERRA entered into an oral contract for employment with ASAI under which, for services performed by HELEN SIERRA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay HELEN SIERRA at least $600.00.

366.   HELEN SIERRA performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

367.   ASAI thus breached the employment contract by failing to pay HELEN SIERRA her promised and due wages for services performed.

368.   As a direct and proximate result of ASAI's breach of contract, HELEN SIERRA has suffered damages in the amount of wages not paid to her.

369.   As this is an action for unpaid wages, HELEN SIERRA is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff HELEN SIERRA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT XLIX – BREACH OF CONTRACT FOR UNPAID WAGES (DEDRIC STAFFORD)

370. Plaintiff DEDRIC STAFFORD re-alleges paragraphs 1 through 82 as if set forth fully herein.

371. DEDRIC STAFFORD entered into an oral contract for employment with ASAI under which, for services performed by DEDRIC STAFFORD during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DEDRIC STAFFORD at least $2,700.00.

372. DEDRIC STAFFORD performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

373. ASAI thus breached the employment contract by failing to pay DEDRIC STAFFORD his promised and due wages for services performed.

374. As a direct and proximate result of ASAI's breach of contract, DEDRIC STAFFORD has suffered damages in the amount of wages not paid to him.

375. As this is an action for unpaid wages, DEDRIC STAFFORD is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DEDRIC STAFFORD demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be

paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT L – BREACH OF CONTRACT FOR UNPAID WAGES (WALTER TORRES)

376.    Plaintiff WALTER TORRES re-alleges paragraphs 1 through 82 as if set forth fully herein.

377.    WALTER TORRES entered into an oral contract for employment with ASAI under which, for services performed by WALTER TORRES during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay WALTER TORRES at least $1,600.00.

378.    WALTER TORRES performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

380.    ASAI thus breached the employment contract by failing to pay WALTER TORRES his promised and due wages for services performed.

381.    As a direct and proximate result of ASAI's breach of contract, WALTER TORRES has suffered damages in the amount of wages not paid to him.

382.    As this is an action for unpaid wages, WALTER TORRES is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff WALTER TORRES demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LI – BREACH OF CONTRACT FOR UNPAID WAGES
### (MANUEL VASQUEZ)

383.     Plaintiff MANUEL VASQUEZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

384.     MANUEL VASQUEZ entered into an oral contract for employment with ASAI under which, for services performed by MANUEL VASQUEZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MANUEL VASQUEZ at least $3,300.00.

385.     MANUEL VASQUEZ performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

386.     ASAI thus breached the employment contract by failing to pay MANUEL VASQUEZ his promised and due wages for services performed.

387.     As a direct and proximate result of ASAI's breach of contract, MANUEL VASQUEZ has suffered damages in the amount of wages not paid to him.

388.     As this is an action for unpaid wages, MANUEL VASQUEZ is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MANUEL VASQUEZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LII – BREACH OF CONTRACT FOR UNPAID WAGES
### (KATIE WATSON)

389.   Plaintiff KATIE WATSON re-alleges paragraphs 1 through 82 as if set forth fully herein.

390.    KATIE WATSON entered into an oral contract for employment with ASAI under which, for services performed by KATIE WATSON during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay KATIE WATSON at least $2,500.00.

391.    KATIE WATSON performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

392.    ASAI thus breached the employment contract by failing to pay KATIE WATSON her promised and due wages for services performed.

393.    As a direct and proximate result of ASAI's breach of contract, KATIE WATSON has suffered damages in the amount of wages not paid to her.

394.    As this is an action for unpaid wages, KATIE WATSON is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff KATIE WATSON demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LIII – BREACH OF CONTRACT FOR UNPAID WAGES
### (JONATHAN MERRIGAN)

395.   Plaintiff JONATHAN MERRIGAN re-alleges paragraphs 1 through 82 as if set forth fully herein.

396.    JONATHAN MERRIGAN entered into an oral contract for employment with ASAI under which, for services performed by JONATHAN MERRIGAN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay JONATHAN MERRIGAN at least $1,761.76.

387.    JONATHAN MERRIGAN performed the services requested and required of him, but, despite demand therefor, was not paid all of the wages he was promised per the oral agreement between him and ASAI.

398.    ASAI thus breached the employment contract by failing to pay JONATHAN MERRIGAN his promised and due wages for services performed.

399.    As a direct and proximate result of ASAI's breach of contract, JONATHAN MERRIGAN has suffered damages in the amount of wages not paid to him.

400.    As this is an action for unpaid wages, JONATHAN MERRIGAN is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff JONATHAN MERRIGAN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LIV – BREACH OF CONTRACT FOR UNPAID WAGES (ANDRES ARGUELLES)

401.    Plaintiff ANDRES ARGUELLES re-alleges paragraphs 1 through 82 as if set forth fully herein.

402.    ANDRES ARGUELLES entered into an oral contract for employment with ASAI under which, for services performed by ANDRES ARGUELLES during the Eden Tours Passach

event at the Trump Doral Plaza Hotel, ASAI was to pay ANDRES ARGUELLES at least $1,850.00.

403.    ANDRES ARGUELLES performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

404**.**    ASAI thus breached the employment contract by failing to pay ANDRES ARGUELLES his promised and due wages for services performed.

405.    As a direct and proximate result of ASAI's breach of contract, ANDRES ARGUELLES has suffered damages in the amount of wages not paid to him.

406.    As this is an action for unpaid wages, ANDRES ARGUELLES is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ANDRES ARGUELLES demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LV – BREACH OF CONTRACT FOR UNPAID WAGES
### (CATALINA CAICEDO)

407.    Plaintiff CATALINA CAICEDO re-alleges paragraphs 1 through 82 as if set forth fully herein.

408.    CATALINA CAICEDO entered into an oral contract for employment with ASAI under which, for services performed by CATALINA CAICEDO during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay CATALINA CAICEDO at least $1,850.00.

409.   CATALINA CAICEDO performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

410.   ASAI thus breached the employment contract by failing to pay CATALINA CAICEDO her promised and due wages for services performed.

411.   As a direct and proximate result of ASAI's breach of contract, CATALINA CAICEDO has suffered damages in the amount of wages not paid to her.

412.   As this is an action for unpaid wages, CATALINA CAICEDO is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff CATALINA CAICEDO demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LVI – BREACH OF CONTRACT FOR UNPAID WAGES (KRISZTIAN CANEPA)

413.   Plaintiff KRISZTIAN CANEPA re-alleges paragraphs 1 through 82 as if set forth fully herein.

414.   KRISZTIAN CANEPA entered into an oral contract for employment with ASAI under which, for services performed by KRISZTIAN CANEPA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay KRISZTIAN CANEPA at least $3,000.00.

415.     KRISZTIAN CANEPA performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

416.     ASAI thus breached the employment contract by failing to pay KRISZTIAN CANEPA his promised and due wages for services performed.

417.     As a direct and proximate result of ASAI's breach of contract, KRISZTIAN CANEPA has suffered damages in the amount of wages not paid to him.

418.     As this is an action for unpaid wages, KRISZTIAN CANEPA is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff KRISZTIAN CANEPA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LVII – BREACH OF CONTRACT FOR UNPAID WAGES
### (VENUS GUZMAN)

419.     Plaintiff VENUS GUZMAN re-alleges paragraphs 1 through 82 as if set forth fully herein.

420.     VENUS GUZMAN entered into an oral contract for employment with ASAI under which, for services performed by VENUS GUZMAN during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay VENUS GUZMAN at least $1,850.00.

421.     VENUS GUZMAN performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

422.   ASAI thus breached the employment contract by failing to pay VENUS GUZMAN her promised and due wages for services performed.

423.   As a direct and proximate result of ASAI's breach of contract, VENUS GUZMAN has suffered damages in the amount of wages not paid to her.

424.   As this is an action for unpaid wages, VENUS GUZMAN is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff VENUS GUZMAN demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LVIII – BREACH OF CONTRACT FOR UNPAID WAGES
### (MICHELLE LOPEZ)

425.   Plaintiff MICHELLE LOPEZ re-alleges paragraphs 1 through 82 as if set forth fully herein.

426.   MICHELLE LOPEZ entered into an oral contract for employment with ASAI under which, for services performed by MICHELLE LOPEZ during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay MICHELLE LOPEZ at least $1,500.00.

427.   MICHELLE LOPEZ performed the services requested and required of her, but, despite demand therefor, was not paid the wages she was promised per the oral agreement between her and ASAI.

428.   ASAI thus breached the employment contract by failing to pay MICHELLE LOPEZ her promised and due wages for services performed.

429.   As a direct and proximate result of ASAI's breach of contract, MICHELLE LOPEZ has suffered damages in the amount of wages not paid to her.

430.   As this is an action for unpaid wages, MICHELLE LOPEZ is entitled to recover her costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff MICHELLE LOPEZ demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## COUNT LIX – BREACH OF CONTRACT FOR UNPAID WAGES
## (DENIS MESA)

431.   Plaintiff DENIS MESA re-alleges paragraphs 1 through 82 as if set forth fully herein.

432.   DENIS MESA entered into an oral contract for employment with ASAI under which, for services performed by DENIS MESA during the Eden Tours Passach event at the Trump Doral Plaza Hotel, ASAI was to pay DENIS MESA at least $1,850.00.

433.   DENNIS MESA performed the services requested and required of him, but, despite demand therefor, was not paid the wages he was promised per the oral agreement between him and ASAI.

434.   ASAI thus breached the employment contract by failing to pay DENIS MESA his promised and due wages for services performed.

435.   As a direct and proximate result of ASAI's breach of contract, DENIS MESA has suffered damages in the amount of wages not paid to him.

436.   As this is an action for unpaid wages, DENIS MESA is entitled to recover his costs and attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff DENIS MESA demands judgment against Defendant ASAI for all unpaid wages, plus interest from the dates each of the wage payments were due to be paid, plus post

judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

RODERICK V. HANNAH, ESQ., P.A.
Attorneys for Plaintiffs
1250 South Pine Island Road
Suite 375
Plantation, FL 33324
Telephone:  (954) 362-3800
Facsimile:   (954) 362-3779
Email:  rhannah@rhannahlaw.com


By    /s/ *Roderick V. Hannah*
      Roderick V. Hannah
      Fla. Bar No. 435384

      -and-

ARONFELD TRIAL LAWYERS
Co-counsel for Plaintiffs
3132 Ponce De Leon Boulevard
Coral Gables, FL 33134
Telephone: (305)441-0440
Facsimile: (305) 441-0198
Email:  aronfeld@arnfeld.com


By    *s/ Spencer Aronfeld*
      Spencer Aronfeld
      Fla. Bar No. 905161

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April, 2015, a true and correct of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below:

Jonathan A. Beckerman, Esq.
Florida Bar No. 0568252
E-mail: jabeckerman@littler.com
Jorge Zamora, Jr., Esq.
Florida Bar No. 0094713
E-mail: jzamora@littler.com
LITTLER MENDELSON, PC
333 SE 2nd Avenue, Suite 2700
Miami, Florida  33131
Tel: (305) 400-7500
Fax: (305) 603-2552
*Counsel for Defendant*
*Trump Miami Resort Management LLC*

Tasos C. Paindiris, Esq.
Florida Bar No. 0041806
E-mail: Tasos.paindiris@jacksonlewis.com
Michael Kantor, Esq.
Florida Bar No. 0090472
E-mail: Michael.kantor@jacksonlewis.com
Jackson Lewis P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, Florida  33131
Tel:  (305) 577-7600
Fax:  (305) 373-4466
*Counsel for Defendants*
*Eden Tours, LLC and David Goldwasser*

Defendant Frank Adan, *pro se* and as
President and Registered Agent for Defendant
ASAI, INC.
6649 Ficus Drive
Miramar, Florida  33023
(e-mail:  frankadan777@gmail.com)

Defendant Stephen Satz, *pro se*
4721 Sarazen Drive
Hollywood, Florida 33021
(e-mail: steve@astepabovestaffing.com)

                                            /s/ *Roderick V. Hannah*
                                               Roderick V. Hannah

# EXHIBIT "A"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 16 day of July , 2014.

*Hayat Aarrass*
Signature

 Hayat Aarrass
Name

 1040 Aurelia Ave, PSL, FL 34953
Address

 772 579 5657
Daytime Telephone No.

 same as above
Evening Telephone No.

# EXHIBIT "B"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I hold the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 07 day of 17 2014.

_Nilly Agudelo_
Signature

Nilyelie Agudelo
Name

15540 sw 80 st
Address

(786) 953 3783
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "C"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 11 day of September 2014.

Signature

Name  Naomy Alphonse

Address  P.O. Box 246391, Pembroke Pines, Fl, 33824

Daytime Telephone No.  305-896-0824

Evening Telephone No.  305-896-0824

# EXHIBIT "D"

**DECLARATION AND CONSENT TO JOIN LITIGATION**

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ___Oct___ day of ___28___, 2014

Signature

Name: Sandy Aparicio

Address: 14531 SW 180 terr. Miami Fl 33177

Email address: apariciosandy389@gmail.com

Phone No.: 305-560-2787

Alt. No.:

# EXHIBIT "E"

<u>**DECLARATION AND CONSENT TO JOIN LITIGATION**</u>

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

    1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

    2. I wish to become a party plaintiff in the action.

    3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

    4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

    I declare under penalty of perjury that the above is true and correct.

    Executed this _3_ day of _December_, 2014.


Signature

Name: Julian Arbelaez

Address: 1143 NW 124th Ave Pembroke Pines, FL 33026

Email address: Jarbelaez14@gmail.com

Phone No.: 954 6250817

Alt. No.: _____

# EXHIBIT "F"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _Nov_ day of _14 dll_, 2014.

Signature

Name: _TULIO BALLON_

Address: _8341 NW 7st. Apart. 5-8 Miami - FL - 33126_

Email address: _Tulio_ballon @ hotmail.com_

Phone No.: _786 286 6671_

Alt. No.: _____

# EXHIBIT "G"

FAX
954-362 3777

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _21_ day of _July_, 2014.

_____
Signature

_JESSICA BRINGAS_
Name

_9197 FOINE TAMbleAU Bld #3 MIAMI Fl. 33172_
Address

_305-226-0788_
Daytime Telephone No.

_786-325-4135_
Evening Telephone No.

# EXHIBIT "H"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _18_ day of _July_, 2014.

_Yolanda Burgos_
Signature

_Yolanda Burgos no Barrios_
Name

_14383 Sw 96 land   Miami FL 33186_
Address

_305  3169893_
Daytime Telephone No.

_Same_
Evening Telephone No.

# EXHIBIT "I"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this day 7th of July, 2014.


------------------------------------------------

Signature

Name: CARLOS CAMPOS


Address: P.O. Box 13795 Miami, FL 33101


Phone No.: (305) 569-7439

# EXHIBIT "J"

# EXHIBIT "K"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 16th day of July, 2014.

Signature

Name ROCIO CASTRO

Address 20381 NE 30 AVENUE BLD 7 AP 320 AVENTURA, FL 33180

Daytime Telephone No. 786-399-9961

Evening Telephone No. 786-399-9961

# EXHIBIT "L"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I hold the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _19_ day of _7_ , 2014.

_Leonardo Polonio_
Signature

_Leonardo Polonio_
Name

_692 Tamiami Blvd Miami FL 33144_
Address

_305-505-8441_
Daytime Telephone No.

_305-505-8441_
Evening Telephone No.

# EXHIBIT "M"

20140717_191743.jpg



# EXHIBIT "N"

2

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _____ 22 day of July _____, 2014.

Signature

Erica JeanBaptiste

Name 1200 NE MIAMI GARDENS DR APT 812W
NORTH MIAMI BEACH FL 33179

Address

786-970-3086

Daytime Telephone No.

786-970-3086

Evening Telephone No.

# EXHIBIT "O"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 22 day of July, 2014.

_____
Signature

Rosa L. de la Cotera
Name

7402 SW 162nd Path, Miami, FL 33193
Address

305 305 8287
Daytime Telephone No.

305 305 8287
Evening Telephone No.

# EXHIBIT "P"

sandra duarte   To:carmen (19543623779)                    11:55 08/04/14 EST Pg  2-2

(513 unread) - ramossandra0505 - Yahoo Mail                        Page 1 of 1

Compose

Inbox (513)
Drafts (7)
Sent
Spam (137)
Trash
Folders
Recent
Sponsored

Att:
Carmen.

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 2
§216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent
personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the
position as the other named plaintiffs, was paid in the same manner as the other named
worked over 40 hours in one or more work weeks as did the other named plaintiffs, was
an overtime premium in accordance with the Fair Labor Standards Act as the other
plaintiffs, and was not paid my wages or a minimum wage in accordance with the F
Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent m
litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this July day of 30, 2014.

_Sandra Duarte._
Signature

_Sandra Duarte._
Name

PO Box 961091  Miami, FL 33296
Address

305-200 44 35
Daytime Telephone No.

305-200 4435
Evening Telephone No.

# EXHIBIT "Q"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 21 day of August, 2014.

Signature

Name Emily Elliott

Address 426 E 134th St Bx, Ny 16454

Daytime Telephone No. (212) 482-1500 x H

Evening Telephone No. 646 775 8725

# EXHIBIT "R"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 17 day of July, 2014.

Jennifer B. Ennis
Signature

Jennifer Ennis
Name

1309 Garfield St Hollywood FL 33019
Address

954-8157055
Daytime Telephone No.

Some
Evening Telephone No.

# EXHIBIT "S"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _27_ day of _August_ , 2014.


_Jairo (Richard) España_
Signature

Name: _Richard España_

Address: _14307 Sw 96 St #201 Miami, Fl. 33186_

Phone No.: _909-587-9359_

Alt. No.: _____

# EXHIBIT "T"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ___07___ day of __AuGusT__, 2014.

_____
Signature

__MARIE FRANTZ EXANTUS__
Name

__665 NE 83rd TERRACE #506__
Address __MiAMi, FLORiDA 33138-3695__

__786-923-6584__
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "U"



## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 23 day of September, 2014.

Signature

Name: Erica Fontiziella
156 Sparrow Drive, Apt. B
Address: Royal Palm Beach, FL 33411

Email address: ericafontiziella@yahoo.com

Phone No.: 561-762-9273

Alt. No.: 561-301-8773

# EXHIBIT "V"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ⌐1 day of July , 2014.

_____Jorge Garay_____
Signature

____JORGE GARAY____
Name

__202. SW 12 Ave #5 Miami Fl 33130__
Address

__786-597-74-22__
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "W"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 18 day of July , 2014.

Signature

Name   Claudia Duarte Garcia

Address   20381 NE 30th AV Bldg 7 #820
Aventura Florida
33180

Daytime Telephone No.   305 - 766 8003

Evening Telephone No.   305 - 766 8003

# EXHIBIT "X"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 5th day of August, 2014.

_____
Signature

Scott Goldman
Name

12118 W. dorado Place, Littleton, CO, 80127
Address

786-512-0807
Daytime Telephone No.

786-512-0807
Evening Telephone No.

# EXHIBIT "Y"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 1st day of July, 2014.

Richard Johnson II
Signature

Richard Johnson II
Name

1267 NW 52nd street
Address

786 502 8567
Daytime Telephone No.

786 355 4857
Evening Telephone No.

MR. HANNAH,
I am owed $8000.00
For the ten day event!

# EXHIBIT "Z"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1.  I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2.  I wish to become a party plaintiff in the action.

3.  I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4.  I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 21 day of July, 2014.

Signature

Name    LORENA M. JUNCIEL

Address    1650 SW 27 AVE # 407 Miami Florida 33145

Daytime Telephone No.    (305) 510-4938

Evening Telephone No.    (305) 510-4938

# EXHIBIT "AA"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 27 day of Oct , 2014.

Signature

Name: Eric Kahlan

Address: 13230 SW 58 ter

Email address: Kahlaneric@gmail.com

Phone No.: 305 380 7947

Alt. No.: _____

# EXHIBIT "BB"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 23rd day of July , 2014.

_Theresa Knight_
Signature

Theresa Knight
Name

500 N.W. 3061 apt # 101  Miami, FL 33127
Address

(305) 742-8002
Daytime Telephone No.

(305) 742- 8002
Evening Telephone No.

# EXHIBIT "CC"



## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _2_ day of _Sept._, 2014.

Signature

Name: _Derrick Lee_

Address: _2120 Arcadia Drive Miramar, FL 33023_

Phone No.: _(786) 203-5313_

Alt. No.: _____

# EXHIBIT "DD"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _07_ day of _21_ , 2014.

_____
Signature

Jani  LINDSAY
Name

PO BOX 331805
Address

MIAMI FL 33233
Daytime Telephone No.

786 4453891
Evening Telephone No.

# EXHIBIT "EE"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 20 day of July, 2014.

_Maria Marquez_
Signature

_Maria Marquez_
Name

25127 SW 126 Ct
Princeton, FL 33032
Address

786-337-3279
Daytime Telephone No.

786-001-9273
Evening Telephone No.

# EXHIBIT "FF"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this __8th__ day of ___August___, 2014.


_Herney Mancera_
Signature

Name: __Herney Mancera__

Address: __14721 polk st__

Phone No.: __(786)260-2577__

Alt. No.: ____(786)319-7942____

# EXHIBIT "GG"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _15_ day of _July_, 2014.

_Martha Ortiz_
Signature

_MARTHA L ORTIZ_
Name

_1705 I NE 23 AV_
Address

_786 - 3200103_
Daytime Telephone No.

_786 - 3200103_
Evening Telephone No.

# EXHIBIT "HH"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 16 day of July, 2014.

_Edna Osorno_
Signature

**EDNA OSORNO**
Name

**17515 NW 48TH CT**
Address

**MIAMI, FL 33055**
Daytime Telephone No.

**(305) 409-9257**
Evening Telephone No.

**(305) 621-2120**

# EXHIBIT "II"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 21 day of July, 2014.

Signature

Rebecca Pavon
Name

9762 NW 48TH TERRA, DORAL Fl 33178
Address

786-448-5464
Daytime Telephone No.

Evening Telephone No.

# EXHIBIT "JJ"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _____ day of _____, 2014.

_____
Signature

Daisy Prieto.
Name

725 NE 29 St. Miami Fl. 33137
Address

786) 362-2100
Daytime Telephone No.

786) 362-2100
Evening Telephone No.

# EXHIBIT "KK"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _____ day of _____, 2014.

_____
Signature

_____
Name

_____
Address

_____
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "LL"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 01 day of 17 , 2014.

Signature

Name Crithy Ramirez

Address 6211 SW 131 Ct Apt 101

Daytime Telephone No. 786) 518-4534

Evening Telephone No. 786) 518-4534

# EXHIBIT "MM"

**DECLARATION AND CONSENT TO JOIN LITIGATION**

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ___ day of ___, 2014.

_Lruy Euuy_
Signature

Lia E. Ramirez
Name

6211 SW 131 Ct # 101  Mia Fl 33183
Address

(786) 447-0364
Daytime Telephone No.

(786) 447-4384
Evening Telephone No.

# EXHIBIT "NN"

### DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C.

§216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _28th_ day of _October_____, 2014.


Signature: _Jorge Ramirez_

Name: __Jorge Ramirez_____

Address: __3520 NW 171 Ter_____

Email address:__jramirez325@gmail.com__

Phone No.: __3052994659_____

Alt. No.: __3054097487_____

# EXHIBIT "OO"

<u>DECLARATION AND CONSENT TO JOIN LITIGATION</u>

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 27 day of October, 2014.


Signature _Jeffrey Roca_

Name: Jeffrey Roca

Address: 20379 West Country Club Dr. # 1039 Aventura Fl, 33180

Email address: Jeffrey.roca1@gmail.com

Phone No.: 305-967-0320

Alt. No.: _____

# EXHIBIT "PP"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ___16th___ day of ___July___, 2014.


___Edgar A. Ruiz IV___
Signature

___Edgar A. Ruiz IV___
Name

___1289 Marseille Dr. Apt.143___
Address

___786-253-3713___
Daytime Telephone No.

___786-253-3713___
Evening Telephone No.

# EXHIBIT "QQ"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 22ᴺᴰ day of July , 2014.

_____
Signature

Eduardo Salas
Name

8005 NW 8 ST apt 104 Miami, FL
Address

786 354 3608
Daytime Telephone No.

786 354 3608
Evening Telephone No.

# EXHIBIT "RR"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1.  I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2.  I wish to become a party plaintiff in the action.

3.  I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4.  I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this ____ day of _____ 2014.

Signature

Alba Saldarriaga
Name

1256 sw 96 La # 23 RC
Address

786-878054
Daytime Telephone No.

786-878054
Evening Telephone No.

# EXHIBIT "SS"

Λ

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 17 day of JULY, 2014.

Signature

ELIZABETH SAN MARTIN
Name

780 81 ST # 7 MIAMI BEACH, FL, 33141
Address

786 231 8838
Daytime Telephone No.

Evening Telephone No.

# EXHIBIT "TT"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 22 day of July, 2014.

_Helen Sierra_
Signature

Helen Sierra
Name

1430 NW 28 St Miami FL 33142
Address

(786) 587-6743
Daytime Telephone No.

(786) 587-6743
Evening Telephone No.

# EXHIBIT "UU"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 23 day of July, 2014.

_Dedric Stafford_
Signature

Dedric Stafford
Name

1910 NW 49th St, Miami, FL 33127
Address

(305) 742-8002
Daytime Telephone No.

(305) 742-8002
Evening Telephone No.

# EXHIBIT "VV"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this __17__ day of __JULY__, 2014.

_WALTER TORRES_
Signature

__WALTER TORRES__
Name

__7600 DICKENS AVE #8 MiAMi BEACH FL 33141__
Address

__786-351-8405__
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "WW"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this __17__ day of __July__, 2014.

*Manuel Vasquez*
_____
Signature

Manuel Vasquez
_____
Name

80 S. Shore Dr  Apt # 407  Miami Beach    FL   33141
_____
Address

786-608-2340
_____
Daytime Telephone No.

786-608-2340
_____
Evening Telephone No.

# EXHIBIT "XX"



# EXHIBIT "YY"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 27 day of JANUARY, ~~2014~~ 2015

Signature

Name: Jonathan Merrigan

Address: 156 B Sparrow Drive Royal Palm beach FL 33411

Email address: JMerrigan11@yahoo.com

Phone No.: 561 301 8773

Alt. No.: none

# EXHIBIT "ZZ"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 26th day of July, 2014.

_____
Signature

Andres Arguelles
Name

9109 SW 151 Ct
Address

786 873 8576
Daytime Telephone No.

786 362 3962
Evening Telephone No.

# EXHIBIT "AAA"

<u>**DECLARATION AND CONSENT TO JOIN LITIGATION**</u>

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 27 day of October 2014.

Signature: _____

Name: Catalina Caiceda

Address: 20379 West Country Club DR 1064, Aventura, Fl 33180

Email address: cata-caicedoene.com

Phone No.: 786 853 19 17

Alt. No.: _____

# EXHIBIT "BBB"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this __16th__ day of __July__, 2014.

*Krisztian Canepa*
_____
Signature

Krisztian Canepa
_____
Name

341 West park Drive 106 Miami, Florida 33172
_____
Address

786/452/6606
_____
Daytime Telephone No.

786/452/6606
_____
Evening Telephone No.

# EXHIBIT "CCC"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _31_ day of _Julio_, 2014.

_Venus Guzman_
Signature

_Venus Guzman_
Name

_10767 SW 225 ST Miami Fl 33170_
Address

_786-426 7143_
Daytime Telephone No.

Evening Telephone No.

# EXHIBIT "DDD"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this 21 day of July, 2014.

Michelle Lopez
Signature

MICHELLE LOPEZ
Name

7829 SW 168th ST Miami Fl 33157
Address

305.506.4243
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "EEE"

## DECLARATION AND CONSENT TO JOIN LITIGATION

The undersigned hereby declares, in lieu of an affidavit and pursuant to 29 U.S.C. §216(b), as follows:

1. I am over the age of 18 years and make the instant declaration and consent based on personal knowledge.

2. I wish to become a party plaintiff in the action.

3. I am similarly situated to the other named plaintiffs because I held the same job position as the other named plaintiffs, was paid in the same manner as the other named plaintiffs, worked over 40 hours in one or more work weeks as did the other named plaintiffs, was not paid an overtime premium in accordance with the Fair Labor Standards Act as the other named plaintiffs, and was not paid my wages or a minimum wage in accordance with the Fair Labor Standards Act and the Florida minimum wage law as was the other named plaintiffs.

4. I wish for the law firm of Roderick V. Hannah, Esq., P.A. to represent me in this litigation as a party plaintiff.

I declare under penalty of perjury that the above is true and correct.

Executed this _21_ day of _July_, 2014.

_Denes Mesa_
Signature

_Denis Mesa_
Name

_9197 Fontainbleau Blvd #3 Miami Fl 33172_
Address

_786-357 4146_
Daytime Telephone No.

_____
Evening Telephone No.

# EXHIBIT "FFF"

## RETAINED CLIENTS

| NAME | ADDRESS | PHONE NUMBER | CONSENT FORM RECEIVED | DATE | RETAINER RECEIVED | DATE | POSITION HELD | TOTAL HOURS WORKED | HOURLY WAGE PROMISED | TOTAL AMOUNT OF MONEY OWED |
|---|---|---|---|---|---|---|---|---|---|---|
| Aarras, Hayat | 1040 Aurelia Ave., Pt. St. Lucie, FL 34953 | (772) 579-5657 | YES | 7/16/2014 | YES | 8/22/2014 | Server | 100 | $15.00 | $1,500.00 |
| Acevedo, Nilyeliz | 15540 SW 80th St., Miami, FL 33193 | (786) 953-3783 | YES | 7/17/2014 | YES | 7/31/2014 | Waitress | 120 | $10.00 | $1,200.00 |
| Alphonse, Naomy | P.O. Box 246391, Pembroke Pines, FL 33024 | 305-896-0824 | YES | 10/27/2014 | YES | 11/18/2014 | Server | 75.5 | | $1,500.00 |
| Aparicio, Sandy | 14531 SW 180th Terr., Miami, FL 33177 | (305) 562-2787 | YES | 10/28/2014 | YES | 10/28/2014 | Waitress | 113.5 | $10.00 | $1,135.00 |
| Arbelaez, Julian | 1143 NW 124th Ave., Pembroke Pines, FL 33026 | (954) 625-0817 | YES | 12/3/2014 | YES | 12/3/2014 | Server | 100 | | $2,500.00 |
| Ballon, Tulio | 8341 NW 7th St., Apt. S-8, Miami, FL 33126 | (786) 286-6671 | YES | 11/14/2014 | YES | 7/30/2014 | Server | 70 | $12.00 | $840.00 |
| Burgos de Barrios, Yolanda | 14383 S.W. 96 Lane Miami, FL 33186 | (305) 316-9893 | YES | 7/18/2014 | YES | 8/20/2014 | Server | 136 | $10.00 | $1,360.00 |
| Bringas, Jessica | 9197 Fontainbleau Blvd #3 Miami, FL 33172 | (305) 226-0788 day (786) 325-4135 Eve | YES | 7/21/2014 | YES | 10/6/2014 | Server | 160 | $12.00 | $1,920.00 |
| Campos, Carlos | P.O. Box 13795, Miami, FL 33101 | (305) 569-7439 | YES | 7/7/2014 | YES | 7/30/2014 | Server | 75 | $12.00 | $900.00 |
| Carrion, Patricia | 2859 Bird Avenue #4 Coconut Grove, FL 33133 | (786) 312-2404 day (305) 322-0313 eve | YES | 7/19/2014 | YES | 11/20/2014 | Chef | 80 | $15.00 | $1,200.00 |
| Celorrio, Leonardo | 642 Tamiami Blvd., Miami, FL 33144 | (305) 505-5941 | YES | 7/19/2014 | YES | 8/19/2014 | Server | 214 | | $1,360.00 |
| Chapman, Derrick | 1244 NW 52nd Street, Miami, FL 33142 | (973) 392-2216 | YES | 7/17/2014 | YES | 8/23/2014 | Chef | 165 | $10.00 | $1,650.00 |
| Davis-Jeanbaptiste, Erica | Apt. 812W, N. Miami Beach, FL 33179 | (786) 970-3086 | YES | 7/22/2014 | YES | 10/6/2014 | Waitress | 85 | $3,000.00 | $3,000.00 |

| Name | Address | Phone | | Date 1 | Date 2 | Position | Hours | Rate | Total |
|---|---|---|---|---|---|---|---|---|---|
| DeBarrios, Yolanda Burgos | 14383 SW 96th Lane, Miami, FL 33186 | (305) 316-9893 | YES | 7/18/2014 | 8/20/2014 | Server | | | $1,500.00 |
| De La Cotera, Rosa | 7402 SW 162nd Path, Miami, FL 33193; P.O. Box 961091, Miami, FL 33296 | (305) 305-8287 | YES | 7/22/2014 | 8/1/2014 | Server | 232 | $10.00 | $2,320.00 |
| Duarte, Sandra | | (305) 200-4435 | YES | 7/30/2014 | 12/5/2014 | Cook | 150 | $10.00 | $1,500.00 |
| Elliott, Emily | 426 E. 134th St., Bronx, NY 10454 | (212) 482-1500, ext. 4 | YES | 8/21/2014 | 8/22/2014 | Waitress/VIP | 160 | | $1,800.00 |
| Ermis, Jennifer | 1309 Garfield St. Hollywood, FL 33019 | | YES | 7/17/2014 | 11/17/2014 | Waitress | 134 | $10.00 | $1,340.00 |
| na, Jairo Richard | 14307 SW 96th St., #201, Miami, FL 33186 | (909) 587-9359 | YES | 8/27/2014 | 9/17/2014 | Server | 170 | | $1,200.00 |
| Exantus, Marie F. | 665 NE 83rd Terr., #306, Miami, FL 33138 | (786) 923-6584 | YES | 8/7/2014 | 10/28/2014 | Server | 100 | | $3,000.00 |
| Garay, Jorge | 202 S.W. 12 Avenue #5, Miami, FL 33130 | (786) 597-7422 | YES | 7/21/2014 | 10/17/2014 | Server | 154 | $15.00 | $2,310.00 |
| Fonticiello, Erika | 156 Sparrow Dr., #8, Royal Palm Beach, FL 33411 | (561) 762-9273 / (561) 301-8773 | YES | 9/23/2014 | 9/23/2014 | Server | 208 | $2,500.00 | $2,500.00 |
| Garcia, Claudia Duarte | 20381 N.E. 30th Ave, Bldg 7 #320, Aventura, FL 33180 | (786) 766-8003 | YES | 7/18/2014 | 8/29/2014 | Server | 80 | | $1,300.00 |
| Goldman, Scott | 12118 W. Dorado Pl., #102, Littleton, CO 80127 | (786) 512-0807 | YES | 8/9/2014 | 9/4/2014 | Server Service | 175 | | $1,600.00 |
| Johnson II, Richard | 1267 NW 52nd Street, Miami, FL 33145 | (786) 502-8567 | YES | 7/1/2014 | 10/24/2014 | Service Captain | 250 | | $5,500.00 |
| el, Lorena M. | 1690 S.W. 27 Avenue #407, Miami, FL 33145 | (305) 510-4938 | YES | 7/21/2014 | 8/18/2014 | Server | 100 | $10.00 | $1,000.00 |
| Kahlan, Eric | 13230 SW 58th Terr., Miami, FL 33183 | (305) 380-7947 | YES | 10/27/2014 | 10/27/2014 | Server | 176 | | $1,500.00 |
| Knight, Theresa | 500 NW 36th St., Miami, FL 33127 | (305) 742-8002 | YES | 7/23/2014 | 9/10/2014 | Server | 180 | $15.00 | $2,700.00 |
| Lee, Derrick | 2120 Arcadia Dr., Miramar, FL 33023 | (786) 203-5313 | YES | 9/3/2014 | 10/2/2014 | Server | 150 | $10.00 | $1,500.00 |
| Lindsay, Jani | P.O. Box 331805, Miami, FL 33233 | (786) 445-3891 | YES | 7/21/2014 | 10/22/2014 | Server | 75 | $12.00 | $900.00 |
| Maiquez, Maria | 780 SW 7th Pl, Florida City, FL 33034 | (786) 337-3279 | YES | 7/20/2014 | 10/22/2014 | Server | | | $1,541.37 |

| Name | Address | Phone | | Date 1 | Date 2 | Title | Number | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|
| Mancera, Hemey | 14721 Polk St., Miami, FL 33176 | (786) 260-2577, (786) 319-7942 | YES | 8/8/2014 | 8/27/2014 | Waiter | 160 | | $1,400.00 |
| Ortiz, Martha L | 17051 N.E. 23 Avenue Miami, FL | (786) 320-0103 | YES | 8/15/2014 | 10/15/2014 | Server | 220 | $10.00 | $2,200.00 |
| Osorno, Edna | 17515 NW 48th Court Miami, FL 33055 | (305) 409-9257 day, (305) 621-2120 | YES | 7/16/2014 | 8/11/2014 | Server | 134 | $10.00 | $1,340.00 |
| Pavon, Rebecca Vizcaino | 9762 N.W. 48th Terrace Doral, FL 333178 | (786) 448-5464 | YES | 7/21/2014 | 10/16/2014 | Server | 143 | $15.00 | $2,145.00 |
| o, Daisy P. | 725 N.E. 24 Street, Apt #18 Miami, FL 33137 | (786) 362-2100 day, (786) 362-2100 eve | YES | 7/21/2014 | 11/17/2014 | Action Chef | 175 | $15.00 | $2,625.00 |
| Prieto, Manuel | 725 N.E. 24 Street, Apt #18 Miami, FL 33137 | (786) 362-2100 day, (786) 362-2100 eve | YES | 7/21/2014 | 11/17/2014 | Action Chef | 175 | $15.00 | $2,625.00 |
| Ramirez, Cristhy | 6211 SW 131st Ct., #101, Miami, FL 33183 | (786) 518-4534 | YES | 7/17/2014 | 7/30/2014 | Server | 154 | $10.00 | $1,540.00 |
| Ramirez, Lia E. | 6211 SW 131st Ct., #101, Miami, FL 33183 | (786) 447-4364 | YES | 7/17/2014 | 7/30/2014 | Server | 154 | $10.00 | $1,540.00 |
| Ramirez, Jorge | 3520 NW 171st Terr., Miami, FL 33056 | (305) 299-4659 | YES | 10/28/2014 | 10/28/2014 | Server | 151 | | $2,000.00 |
| Roca, Jeffrey | 20379 W. Countryclub Dr., Apt. 1039, Aventura, FL 33180 | (305) 967-0320 | YES | 10/27/2014 | 10/27/2014 | Server | 150 | $12.00 | $1,800.00 |
| Rios, Edgar A. | 1289 Marseille Dr., Apt. 143, Miami Beach, FL 33141 | (786) 253-3713 | YES | 7/16/2014 | 9/28/2014 | Server | 100 | $15.00 | $1,500.00 |
| Sabas, Eduardo | 8005 N.W. 8 Street, Apt 104, Miami, FL | (786) 354-3806 day | YES | 7/22/2014 | 11/19/2014 | Server | 245 | $10.00 | $2,450.00 |
| Saldarriaga, Alba | 14376 S.W. 96 Lane 4F Miami, FL 33186 | (786) 877-0319 | YES | 7/22/2014 | 9/30/2014 | Waitress | 93 | $10.00 | $930.00 |
| San Martin, Elizabeth | 780 81st St., #7, Miami Beach, FL 33141 | (786) 231-8838 | YES | 7/17/2014 | 10/23/2014 | Waitress | 160 | $10.00 | $1,600.00 |
| Sierra, Helen | 1430 N.W. 28 Street Miami, FL 33142 | (786) 587-6743 day, (786) 587-6743 eve | YES | 7/22/2014 | 8/2/2014 | Waitress | 60 | $10.00 | $600.00 |
| Stafford, Dedric | 1910 NW 49th St., Miami, FL 3317 | (305) 742-8002 | YES | 7/23/2014 | 9/10/2014 | Server | 180 | $15.00 | $2,700.00 |